**UNITED STATES of America**

v.

**Marion Frye DOELKER.**

Crim. No. 23835.

United States District Court
N. D. Ohio, E. D.
Dec. 20, 1962.

C. M. Diamond, and Gerald J. Celebreeze, Asst. U. S. Attys., Northern Dist. of Ohio, for plaintiff.

John Kennedy Lynch, Cleveland, Ohio, for defendant.

BATTISTI, District Judge.

The United States Attorney filed an Information in this Court on October 10, 1961, charging, in two counts, that the Defendant, Marion Frye Doelker, willfully failed to file income tax returns for the calendar years 1954 and 1955.

The Defendant has moved to dismiss the first count relating to the calendar year 1954 on the ground that the period of limitations has expired.

The Defendant's income tax return for the year 1954 was required by law to be filed not later than four months and fifteen days from the last day of the calendar year, or April 15, 1955. But pursuant to the regulations of the Internal Revenue Service, the Defendant was granted an extension until October 15, 1955.

The period of limitations for the willful failure to make a return in six years. (26 U.S.C. Sect. 6531.) The last sentence of that section, as amended in 1954, provides that "For the purpose of determining the periods of limtations on criminal prosecutions, the rules of section 6513 shall be applicable."

Section 6513 provides, in part, as follows:

"(a) Early return or advance payment of tax.—For purposes of section 6511, any return filed before the last day prescribed for the filing thereof shall be considered as filed on such last day. For purposes of section 6511(b) (2) and (c) and section 6512, payment of any portion of the tax made before the last day prescribed for the payment of the tax shall be considered made on such last day. *For purposes of this subsection, the last day prescribed for filing the return or paying the tax shall be determined without regard to any extension of time granted the taxpayer and without regard to any election to pay the tax in installments.* (Emphasis supplied.)

"(b) Prepaid Income Tax.—For purposes of section 6511 or 6512, any tax actually deducted and withheld at the source during any calendar year under chapter 24 shall, in respect of the recipient of the income, be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31. For purposes of section 6511 or 6512, any amount paid as estimated income tax for any taxable year shall be deemed to have been paid on the last day prescribed for filing the return under section 6012 for such taxable year (determine without regard to any extension of time for filing such return).

"(c) Return and payment of social security taxes and income tax withholding.—Notwithstanding subsection (a), for purposes of section 6511 with respect to any tax imposed by chapter 21 or 24—

"(1) If a return for any period ending with or within a calendar year is filed before April 15 of the succeeding calendar year, such return shall be considered filed on April 15 of such succeeding calendar year; and

"(2) If a tax with respect to remuneration paid during any period ending with or within a calendar year is paid before April 15 of the succeeding calendar year, such tax shall be considered paid on April 15 of such succeeding calendar year."

The United States Attorney rests his argument on the fact that while the rules contained in Section 6513 expressly determine the time when filings and payments are deemed to have been made, the section contains no language relating to the willful failure to file returns. He then argues that since the offense charged in the instant case arose in a manner not specifically covered by Section 6513, the cross reference from Section 6531 to Section 6513 is a nullity. Therefore, the Court must adopt the date of the expiration of the extension (October 15, 1955) as that on which the period of limitations is to commence. Otherwise, it is argued, the period would commence prior to the commission of the crime charged.

The statute's interpretation requires a review of its history. Section 6531 sets the periods of limitations in criminal prosecutions. In the 1954 revision of the Internal Revenue Code, the last sentence was added to Section 6531 saying, in substance, that the "periods of limitations on criminal prosecutions" shall be determined by the "rules of Section 6513," which are intended to determine the time when returns are deemed to have been filed and the taxes deemed to have been paid in civil matters involving issues as to the time of the payment of taxes.

It must be presumed that the Congress knew and understood the provisions of Section 6513.[1] Thus it can only be concluded that it was the intention of Congress, by its amendment of Section 6531 in 1954, to conform the commencement of the period of limitations in criminal prosecutions to the rules which it had established for determining the time when

1. United States v. Beard, 118 F.Supp. 297 (Dist.Ct., Maryland 1954).

returns are deemed to have been filed and taxes deemed to have been paid in civil cases. Thus it was the intention of Congress, as applied to the instant case, to provide the end of the 15th day of April, 1955, as the time at which the period of limitations was to commence, notwithstanding the extension of time granted to the Defendant. The question, however, is whether Congress accomplished that intention.

Turning first to whether the period of limitations may commence prior to the actual occurrence of the offense charged. The obvious purpose for periods of limitations is to encourage the commencement of prosecutions before the Defendant's proof, by way of the recollection of witnesses, the witnesses themselves, and the physical evidence fade into unavailability.[2] To require the Government and the taxpayer to hold the evidence relating to the making of the return for six years from the date prescribed by law on which the return is to be made is long enough. If the period commences at the expiration of the extensions, the evidence must be made available for more than six years. Thus, by Sections 6531 and 6513, Congress simply required the periods of limitations to commence on the day when it is first possible for the action to arise, rather than the day on which it does, in fact, arise. These provisions encourage the exercise of reasonable discretion in determining whether extensions should be granted, and conform to the purpose underlying the period of limitations.

Referring to the statute, it is notable that the last sentence of Section 6513(a) is limited by its own provisions to the "purposes of this subsection." But that phrase should not be construed to exclude from its purpose a determination of the date on which the periods of limitations contained in Section 6531 are to commence. Since Section 6531 expressly provides that for the purposes of determining when the period of limitations shall begin, the rules of Section 6513 shall be applicable, it becomes painfully clear that one of the "purposes" of Section 6513 (a) is the determination of the commencement of the periods of limitations which are contained in Section 6531.[3]

From an examination of Section 6513, it is at once discernable that the purpose of the rules contained therein is to provide a fictitious date (the last day prescribed by law) on which returns are deemed to have been filed and taxes are deemed to have been paid without regard to extensions granted pursuant to regulations.[4] Thus the reference from Section 6531, for the purpose of determining the periods of limitations on criminal prosecutions, can only be for the purpose of fixing as the commencement of the periods of limitations the time at which returns are deemed filed and taxes deemed paid by the rules of Section 6513.

Congress has recognized the difficulty of ascertaining the date on which a willful omission takes place. It has therefore, selected an artificial but convenient and reasonable date from which the period of limitations is determined.

Accordingly, the motion to dismiss the first count of the Information is sustained.

---

2. United States v. Eliopoulous, 45 F.Supp. 777 (Dist.Ct.N.J.1942).

3. In accord, United States v. Alper, 200 F.Supp. 155 (Dist.Ct.N.J.1961).

4. Congress obviously intended to change the rule set out by Haskell v. United States, 241 F.2d 790 (10th Cir., 1957).