**UNITED STATES of America,
Plaintiff,**

v.

**Eugene V. HENSLEY, Defendant.**

**Crim. No. 22522.**

United States District Court
D. New Mexico.

June 23, 1966.

John Quinn, U. S. Atty., and Scott McCarty, Asst. U. S. Atty., Albuquerque, N. M., and Vincent P. Russo, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for the United States.

J. Howard Edmondson, Larry McLane and Lester Klaus, Oklahoma City, Okl., and Joseph E. Roehl of Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, N. M., for defendant.

## MEMORANDUM OPINION

BRATTON, District Judge.

This matter came on for hearing upon the Motions of the defendant to dismiss Counts III and VII of the Indictment as being barred by the Statute of Limitations, and to dismiss Counts V, VI, VII and VIII of the Indictment upon the grounds that Title 26, United States Code, Section 7206.(1) is unconstitutional, and the Court having considered the briefs and argument of counsel finds that neither Motion is well taken.

The challenge to the constitutionality of Title 26, U.S.C. Sec. 7206(1) is without any support in authority, and it is the opinion of this Court that the argument advanced by defendant as to unconstitutionality is not well founded and does not require further discussion.

The facts upon which the argument as to the Statute of Limitations is laid are as follows:

Count III is brought under Title 26, U.S.C., Sec. 7201, charging that on June 17, 1960, the defendant attempted to evade and defeat a part of the taxes for the calendar year 1959 by filing a false and fraudulent tax return for a corporation. Count VII charges that on June 17, 1960, the defendant did willfully make and subscribe a verified income tax return which he did not believe to be correct, in violation of Title 26, U.S.C., Sec. 7206(1).

The Internal Revenue Service had granted extensions of time beyond June 17, 1960, in which to file the return, and it was filed within the extension.

The Indictment was returned March 22, 1966, which is more than six (6) years from the due date of March 15, 1960, prescribed by statute for the corporate return, but less than six (6) years from June 17, 1960, which is the date the return was actually filed.

The pertinent provisions of the Internal Revenue Code of 1954 applicable to this case are as follows:

"SEC. 6072.  TIME FOR FILING INCOME TAX RETURNS.

(a) *General rule.*—In the case of returns under section 6012, 6013, 6017, or 6031 (relating to income tax under subtitle A), returns made on the basis of the calendar year shall be filed on or before the 15th day of April following the close of the calendar year and returns made on the basis of a fiscal year shall be filed on or before the 15th day of the fourth month following the close of the fiscal year, except as otherwise provided in the following subsections of this section.

(b) *Returns of corporations.*—Returns of corporations under section 6012 made on the basis of the calendar year shall be filed on or before the 15th day of March following the close of the calendar year, and such returns made on the basis of a fiscal year shall be filed on or before the 15th day of the third month following the close of the fiscal year."

The pertinent provisions of the statute of limitations, Section 6531 of the Internal Revenue Code of 1954, are as follows:

"SEC. 6531. PERIODS OF LIMITATION ON CRIMINAL PROSECUTIONS.

No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years—

＊　＊　＊　＊　＊　＊

(2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof;

＊　＊　＊　＊　＊　＊

(5) for offenses described in sections 7206(1) and 7207 (relating to false statements and fraudulent documents);

＊　＊　＊　＊　＊　＊

＊　＊　＊ For the purpose of determining the periods of limitation on criminal prosecutions, the rules of section 6513 shall be applicable. Aug. 16, 1954, 9:45 a. m., E.D.T., c. 736, 68A Stat. 815."

Section 6513, the section referred to in Section 6531, insofar as is pertinent here, provides:

"SEC. 6513. TIME RETURN DEEMED FILED AND TAX CONSIDERED PAID.

(a) *Early Return or Advance Payment of Tax.*—For purposes of section 6511, any return filed before the last day prescribed for the filing thereof shall be considered as filed on such last day. For purposes of section 6511 (b) (2) and (c) and section 6512, payment of any portion of the tax made before the last day prescribed for the payment of the tax shall be considered made on such last day. For purposes of this subsection, the last day prescribed for filing the return or paying the tax shall be determined without regard to any extension of time granted the taxpayer and without regard to any election to pay the tax in installments."

The defendant relies upon three cases to support his position, United States v. Doelker, D.C., 211 F.Supp. 663; United States v. Black, D.C., 216 F.Supp. 645, and United States v. Hull, 5th Circuit, 356 F.2d 919.

The *Doelker* case involved a charge of willful failure to file a return, and the Indictment was returned more than three years after the normal due date of April 15 and within three years of a period of extension granted by the director. The Court correctly determined that the starting date of the statute of limitations was April 15. This is clearly provided in the third sentence of Section 6513(a).

The *Black* case involved a charge of violation of Section 7201, alleging an attempt to evade and defeat the tax by filing a false return. The return was filed early and the Indictment was returned more than six years from the date the return was actually filed, but less than six years from the last day prescribed for the payment of the tax.

The Court correctly held that the Indictment was timely returned under the provisions of the first sentence of Section 6513(a).

The *Hull* case involved an indictment charging the aiding and abetting of the filing of false and fraudulent tax returns in violation of Title 26, Sec. 7206 (2).

The Indictment was returned more than six years after the due date of the tax return, but less than six years after the tax return was actually filed because of extensions granted by the Director of Internal Revenue.

As reported in 5 Cir., 356 F.2d 919, the Court cited the statutes and set out its brief decision as follows:

"26 U.S.C. § 6531 provides:

" * * * [f]or purpose of determining the periods of limitation on criminal prosecutions, the rules of section 6513 shall be applicable."

§ 6513

" * * * [f]or purposes of this subsection, the last day prescribed for filing the return or paying the tax shall be determined without regard to any extension of time granted the taxpayer and without regard to any election to pay the tax in installments."

"The statute seems to be clear to the effect that returns are deemed to have been filed and wilful acts of (sic) omissions committed on the last date prescribed for the filing of returns irrespective of extensions of time granted; thus, undisputably the statute of limitations bars prosecution on Count One. United States v. Doelker [63–1 USTC p. 9239], 211 F.Supp. 663, (N.D.Ohio, 1962), affd. per curiam [64–1 USTC p. 9236] 327 F.2d 343 (6th Cir. 1964); United States v. Black [63–2 USTC p. 9564], 216 F. Supp. 645 (W.D.Mo., 1963); Mertens, Law of Federal Income Taxation § 55A. 15."

The quotation is almost literally taken from Mertens, and in the judgment of this Court the language in Mertens as applied to the instant case is incorrect and the decision in the Hull case based thereon is incorrect. The instant case is, for practical purposes, the same as the Hull case, but this Court arrives at a contrary conclusion.

Both counts of the Indictment in the instant case involve the filing of an allegedly false return after the statutory due date and during a period of extension granted by the Director. The date on which it is charged that was done was June 17, 1960. The date on which the return may have been due is immaterial insofar as determining whether the offenses charged were committed.

The first two sentences of Section 6513 change, for purposes of the statute of limitations, the dates upon which it shall be deemed an act was done regardless of when it was actually done. But these two sentences apply only to early filings or payments. Neither is applicable to the situation here involved where the filing is after a statutory due date and during a period of extension.

The third sentence of Section 6513 only relates to determination of the last date *prescribed* for filing a return or paying a tax and fixes that date for purposes of the statute of limitations. Insofar as the offenses charged in Counts III and VII of the Indictment are concerned, the last date *prescribed* for filing a return or paying the tax has no bearing and is not an issue. The offense, if proved, would have been committed when the return was actually filed, regardless of the due date.

■ Section 6531 provides a limitation of six years after the commission of the offense. It is alleged the offenses were committed on June 17, 1960, by the filing of a false return on that date and by the making of a false verification on that date. No provision of Section 6513 is applicable to change that date to any other date.

The Motions are not well taken and will be denied.