**UNITED STATES of America**
v.
**Jerome ALPER.**
**Cr. No. 1–61.**

United States District Court
D. New Jersey.
Dec. 14, 1961.

David M. Satz, Jr., U. S. Atty., by Robert R. Blasi, Asst. U. S. Atty., Newark, N. J., for plaintiff.

Herbert L. Zuckerman, Newark, N. J., for defendant.

MEANEY, District Judge.

The defendant, Jerome Alper, moves to dismiss an information filed by the United States Attorney for the District of New Jersey on the ground that at the time of filing, the statute of limitations had expired.

Originally, an information was filed against the defendant Alper, charging him with failing to file an income tax return for the year 1954 under the provisions of Title 26 U.S.C. § 7203. The original information filed on January 4, 1961, alleged the commission of the offense on April 15, 1955, the last date for filing income tax returns of the nature of the one which the defendant Alper was supposed to file. However, this information did not take into consideration the fact that there were two grants of extension of time allowed to the defendant by the Internal Revenue Service. This omission was pointed out in a motion to dismiss the original information, which motion was denied by the Honorable William F. Smith, before whom argument was heard, with leave to renew the motion "directed against a new complaint or a new information or amended information."

Nothing further seems to have been done until August 19, 1961, when the United States Attorney filed the instrument which is the subject of the present controversy, wherein the same offense is charged, failure to file an income tax return for the year 1954, but taking into consideration the two extensions of time granted defendant Alper by the Internal Revenue Service, and setting the time of failure as of the expiration of the second extension.

■ In the motion at present before the court the defendant alleges that the statute of limitations has run and that therefore prosecution is barred. There is no question about the six year statute of limitations, nor is there any question about the fact that included in the language of the statute (Section 6531 of the 1954 Internal Revenue Code) is the statement that "for the purpose of determining the periods of limitation on criminal prosecutions, the rules of section 6513 shall be applicable." Section 6513(a) states that "for purposes of this subsection, the last day prescribed for filing the return * * * shall be determined without regard to any extension of time granted the taxpayer * * *."

The statute of limitations applicable in the instant case, then, is to run from April 15, 1955, regardless of the granted extensions and the fact that during this time no offense of failure to file a return could have been committed.

■ It is clear, then, that the basic question to be determined is whether

the information filed on August 10, 1961, was a completely new information, or whether it must be regarded, as the Government contends, as an amendment to the information filed on January 4, 1961.

There can be no question that the original information informed the defendant Alper of the nature of the offense alleged against him, "with such a description of the charge against him as will enable him to prepare his defense and to plead his acquittal or conviction in bar of further prosecution for the same offense * * *." vide United States v. Krepper, 159 F.2d 958, 971 (3rd Cir., 1946), cert. denied 330 U.S. 824, 67 S.Ct. 865, 91 L.Ed. 1275 (1947).

And it would seem certain that the original information could have been amended at any time before trial in form or substance. Armstrong v. United States, 16 F.2d 62 (9th Cir. 1926), cert. denied 273 U.S. 766, 47 S.Ct. 571, 71 L.Ed. 881 (1927).

Rule 7(e), Federal Rules of Criminal Procedure, 18 U.S.C., provides as follows:

"Amendment of Information. The court may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

Since in the instant case the information filed on August 10, 1961, was identical with the information filed on January 4, 1961, with the sole exception of the extended date of return substituted for the original date, it is patent that no additional or different offense is charged, nor were any substantial rights of the defendant prejudiced. Clearly, then, the second information had no other purpose or result than to amend the original one and in no wise is it to be considered a new rather than an amended information.

The motion is denied. Let an order be entered.