**James F. HULL, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 22217.**

United States Court of Appeals Fifth Circuit.

Feb. 23, 1966.

Rehearing Denied March 24, 1966.

920

Dougal C. Pope, Houston, Tex., for appellant.

James R. Gough, Asst. U. S. Atty., Houston, Tex., Louis F. Oberdorfer, Asst. Atty. Gen., Meyer Rothwacks, Joseph M. Howard, Attys., Dept. of Justice, Washington, D. C., Woodrow Seals, U. S. Atty., Jerald D. Mize, Asst. U. S. Atty., Houston, Tex., for appellee.

Before BELL and THORNBERRY, Circuit Judges, and FISHER, District Judge.

PER CURIAM:

This is an appeal by a Certified Public Accountant of a conviction for aiding and abetting several different tax payers in the filing of false and fraudulent tax returns in violation of 26 U.S.C. § 7206 (2). Appellant was tried and convicted on Counts One through Four and Eight through Fifteen, and was sentenced to twenty-one months on each count, to run concurrently, and fined $100.00 on each count, for a total fine of $1,200.00.

Appellant bases his appeal on eighteen separate assignments of error and as to Count One the principal error claimed is that the prosecution is barred by the statute of limitations. The evidence discloses that the Indictment on Count One was returned more than six years after the due date of the return but less than six years after the return was actually filed because of extensions granted by the District Director of Internal Revenue.

26 U.S.C. § 6531 provides:

" * * * [f]or the purpose of determining the periods of limitation on criminal prosecutions, the rules of section 6513 shall be applicable."
§ 6513

" * * * [f]or purposes of this subsection, the last day prescribed for filing the return or paying the tax shall be determined without regard to any extension of time granted the taxpayer and without regard to any election to pay the tax in installments."

The statute seems to be clear to the effect that returns are deemed to have been filed and wilful acts of omissions committed on the last date prescribed for the filing of returns irrespective of extensions of time granted; thus, undisputably the statute of limitations bars prosecution on Count One. United States v. Doelker, 211 F.Supp. 663 (N.D.Ohio, 1962), affd. per curiam 327 F.2d 343 (6th Cir. 1964); United States v. Black, 216 F.Supp. 645 (W.D.Mo., 1963); Mertens, Law of Federal Income Taxation § 55A. 15.

As to all counts the principal contention of error is that the evidence was insufficient to sustain a conviction.

Considering Counts One through Four, the evidence is undisputed that appellant expensed items of manufacturing expense that should have been capitalized and depreciated. The evidence is insufficient to prove a wilful violation, and at best shows merely an error in

judgment. Therefore, the Government failed in its burden of proof in sustaining a verdict of guilty on Counts One through Four.

From a review of the record, there is more than ample evidence to sustain the verdict of guilty as to each of the Counts Eight through Fifteen. The evidence is to the effect that appellant knew that the salesmen were not paying out the total amount of their commissions as expenses and, therefore, there was sufficient evidence to show that appellant had violated the provisions of the statute under which he was convicted.

As to Counts One through Four, the judgment is reversed and the prosecution ordered dismissed; accordingly, the total fine imposed by the trial court will be reduced by the sum of $400.00.

The evidence being sufficient as to Counts Eight through Fifteen, and finding no merit in the remaining assignment of errors urged by the appellant, judgment is

Affirmed.