**UNITED STATES of America**

v.

**Arnold F. HABIG, Jerome M. Schroering.**

No. IP 66–Cr–138.

United States District Court
S. D. Indiana,
Indianapolis Division.

July 17, 1967.

Probable Jurisdiction Noted
Oct. 9, 1967.

See 88 S.Ct. 35.

Richard P. Stein, U. S. Dist. Atty. for Southern Dist. of Indiana, Indianapolis, Ind., for plaintiff.

Fred P. Bamberger, Evansville, Ind., Lester M. Ponder, Indianapolis, Ind., for defendants.

## MEMORANDUM OPINION

HOLDER, District Judge.

The defendants filed a Motion to Dismiss Counts IV and VI of the Indictment in this action and also filed a brief in support thereof on October 28, 1966. The government's memorandum in opposition thereto was filed November 28, 1966. The parties' Stipulation of Facts was filed December 27, 1966; and, thereafter, on January 13, 1967, they waived an evidentiary hearing and argument.

The indictment in six counts was filed August 12, 1966. Count IV of the indictment charges that on or about August 15, 1960 the defendants filed and caused to be filed a false and fraudulent tax return on behalf of Gordonsville Manufacturing Company Inc. Count VI of the indictment charges that on or about August 12, 1960 the defendants did wilfully and knowingly aid and assist in, and counsel, procure and advise the preparation and presentation of a false and fraudulent tax return on behalf of W. W. Kimball Company. The companies on whose behalf the fraudulent tax returns were allegedly filed had fiscal taxable years ending on the last day of the month of February 1960. The prescribed date for filing the tax returns allegedly filed by the defendants on behalf of Gordonsville Manufacturing Company Inc. and W. W. Kimball Company was May 15, 1960. The Gordonsville Manufacturing Company Inc. received a three month extension for the filing of its tax return on May 16, 1960 by filing an application therefor with the Director of Internal Revenue, Indianapolis, Indiana, on May 16, 1960, and that the W. W. Kimball Company received a three month extension for the filing of its tax return on May 9, 1960 by filing an application therefor with the District Director of Internal Revenue, Chicago, Illinois, on May 9, 1960. The tax return allegedly filed by the defendants on behalf of Gordonsville Manufacturing Company Inc. was filed with the Director of Internal Revenue, Indianapolis, Indiana, August 15, 1960, and that the tax return allegedly procured by the defendants on behalf of W. W. Kimball Company was filed with the District Director of Internal Revenue, Chicago, Illinois, on August 12, 1960.

The defendants' Motion to Dismiss Counts IV and VI of Indictment is sustained and Counts IV and VI of the indictment are dismissed. The period of limitations for the offenses charged in Counts IV and VI of the indictment is six years. Title 26 U.S.C.A. Section 6531. For the purpose of determining the period of limitation on criminal prosecutions, the provisions of Title 26 U.S.C.A. Section 6513 are applicable. Section 6513 states that "For [the] purposes of this subsection, the last day prescribed for filing the return or paying the tax shall be determined without regard to any extension of time granted the taxpayer * * *." Therefore, the question presented by the Motion to Dismiss is whether the indictment in Counts IV and VI was returned beyond the period of limitations. If the returns in question are deemed to be filed on the date they were actually received, then the indictment as to Counts IV and VI was timely filed, for it was returned within the six year period of limitations from those dates. However, such a construction is unacceptable in light of the statutory authority quoted above. The statutory mandate is clear—for the purpose of criminal prosecutions, the last day prescribed for filing shall be determined without regard to any extension of time granted the taxpayer. The last day prescribed for filing the returns in question was May 15, 1960 and the indictment was returned August 12, 1966 which is clearly beyond the six year statute of limitations.

 The government has proposed the theory that a taxpayer who is given the benefit of an extension of time acquires a new due date. Even if this were so, it would not remedy the defect in Count IV of the indictment, for Gordonsville Manufacturing Company Inc. did not receive an extension until May 16, 1960. The statute of limitations necessarily began to run on the original due date of May 15, 1960. The Court cannot, in any case, accept the government's construction of Section 6513 for it is based upon a consideration of sections concerning civil claims for credits or refunds of which it is admittedly a part. Congress by Section 6531 for the sole purpose of determining the period of limitations in criminal prosecutions adopted only Section 6513. This Congress had a right to do. The statute is not ambiguous, and therefore leaves no room for construction. As was stated in Hull v. United States, 356 F.2d 919 (5th Cir. 1966), "The statute seems clear to the effect that returns are deemed to have been filed and wilful acts of (sic) omissions committed on the last date prescribed for the filing of returns irrespective of extensions of time granted * * *." Judge Steckler, Chief Judge of this Court, in the case of United States v. Scheetz, 224 F.Supp. 789 (S.D. Ind.1963) made a similar finding. That case held that the date of the offense is considered to be the date prescribed for filing and the court considered itself bound "by the clear language" of the statutes. There is no reason to deviate from that construction established in this District.