UNITED STATES *v.* HABIG ET AL.

No. 107. Argued January 17, 1968.—Decided March 5, 1968.

*Harris Weinstein* argued the cause for the United States. With him on the brief were *Solicitor General Griswold, Assistant Attorney General Rogovin, Joseph M. Howard* and *Vincent P. Russo.*

*Lester M. Ponder* argued the cause for appellees. With him on the brief were *Anton Dimitroff* and *Fred P. Bamberger.*

MR. JUSTICE FORTAS delivered the opinion of the Court.

Appellees were indicted for crimes relating to allegedly false income tax returns. The District Court dismissed Counts 4 and 6 of the indictment, charging an attempt to evade taxes by filing of a false return (26 U. S. C. § 7201) and aiding in the preparation and presentation of a false return (26 U. S. C. § 7206 (2)), on the ground that the six-year statute of limitations, 26 U. S. C. § 6531, barred prosecution under those counts. 270 F. Supp. 929. The United States filed notice of appeal to this Court under 18 U. S. C. § 3731. We noted probable jurisdiction. 389 U. S. 810.

The question presented is the construction of §§ 6531 and 6513 (a) of the Internal Revenue Code of 1954 (26 U. S. C. §§ 6531 and 6513 (a)). It is squarely raised

by the facts of this case. The indictment was filed on August 12, 1966. The income tax returns involved in Counts 4 and 6 were filed on August 12 and 15, 1960. Section 6531 limits the time when indictments may be filed for the charged offenses to six years "next after the commission of the offense."

The offenses involved in Counts 4 and 6 are committed at the time the return is filed. See, *e. g., Swallow* v. *United States,* 307 F. 2d 81, 83 (C. A. 10th Cir. 1962); *Benham* v. *United States,* 215 F. 2d 472, 473 (C. A. 5th Cir. 1954); *Butzman* v. *United States,* 205 F. 2d 343, 350–351 (C. A. 6th Cir. 1953); *United States* v. *Yeoman-Henderson, Inc.,* 193 F. 2d 867, 869 (C. A. 7th Cir. 1952); *United States* v. *Croessant,* 178 F. 2d 96, 98 (C. A. 3d Cir. 1949); *Cave* v. *United States,* 159 F. 2d 464, 467 (C. A. 8th Cir. 1947). Six years had not quite elapsed from the commission of the crimes in the present case to the filing of the indictment. Appellees do not contest the chronological calculation. But because of § 6513 (a) of the Code, they say that the critical date here is not the date when the returns were actually filed but the date when they were initially due to be filed, *viz.,* May 15, and not August 15, 1960.

The basis for this contention is as follows: Section 6531, which prescribes the six-year period of limitations, also says that "[f]or the purpose of determining [such] periods of limitation . . . the rules of section 6513 shall be applicable." Instead of filing on the due date of May 15, 1960, the corporations obtained extensions of time to August 15, 1960. Accordingly, if the six-year period of limitations runs not from the date of actual filing (August 12 and 15, 1960) but from the original due date of the returns (May 15, 1960), the indictment, having been filed on August 12, 1966, was several months too late.

Section 6513 (a) reads as follows:

"SECTION 6513. TIME RETURN DEEMED FILED AND TAX CONSIDERED PAID.

"(a) *Early Return or Advance Payment of Tax.*— For purposes of section 6511 [relating to claims for credit or refund], any return filed before the last day prescribed for the filing thereof shall be considered as filed on such last day. For purposes of section 6511 (b)(2) and (c) and section 6512 [relating to suits in the Tax Court], payment of any portion of the tax made before the last day prescribed for the payment of the tax shall be considered made on such last day. For purposes of this subsection, the last day prescribed for filing the return or paying the tax shall be determined without regard to any extension of time granted the taxpayer and without regard to any election to pay the tax in installments."

Appellees' argument is that by reason of the third sentence of § 6513 (a), the starting date for computing the six-year limitations period is to be determined by the original due date of the return, May 15, 1960, "without regard to any extension of time granted the taxpayer." The District Court agreed. In other cases, the Court of Appeals for the Fifth Circuit, *Hull* v. *United States,* 356 F. 2d 919 (1966), and the District Courts for the Northern District of Ohio, *United States* v. *Doelker,* 211 F. Supp. 663 (1962), and the District of New Jersey, *United States* v. *Alper,* 200 F. Supp. 155 (1961), have so held. The District Court for the District of New Mexico has arrived at the contrary result. *United States* v. *Hensley,* 257 F. Supp. 987 (1966).

On the other hand, the Government argues that appellees' contention, despite its support in the decisions of several courts, is necessarily based upon the surprising

assertion that Congress intended the limitations period to begin to run before appellees committed the acts upon which the crimes were based. It argues that this result cannot be squared with the language of the Code or the intent of Congress. We perforce agree with the Government's analysis.

Section 6513 (a), as its title clearly indicates, was designed to apply when a return is filed or a tax is paid before the statutory deadline. The first two sentences provide that the limitations periods on claims for refunds and tax suits (26 U. S. C. §§ 6511, 6512), when the return has been filed or payment made in advance of the date "prescribed" therefor, shall not begin to run on the early date, but on the "prescribed" date. The third sentence states that, for "purposes of [the] subsection," the date "prescribed" for filing or payment shall be determined on the basis fixed by statute or regulations, without regard to any extension of time. The net effect of the language is to prolong the limitations period when, and only when, a return is filed or tax paid in advance of the statutory deadline.

There is no reason to believe that § 6531, by reference to the "rules of section 6513" expands the effect and operation of the latter beyond its own terms so as to make it applicable to situations other than those involving early filing or advance payment. The reference to § 6513 in § 6531 extends the period within which criminal prosecution may be begun only when the limitations period would also be extended for the refunds and tax suits expressly dealt with in § 6513—only when there has been early filing or advance payment. In other words, if a taxpayer anticipates the April 15 filing date by filing his return on January 15, the six-year limitations period for prosecutions under § 6531 commences to run on April 15. Practically, the effect of the reference to § 6513 in § 6531 is to give the Government the adminis-

trative assistance, for purposes of its criminal tax investigations, of a uniform expiration date for most taxpayers, despite variations in the dates of actual filing.

The legislative history supports this reading. The first predecessor of § 6513 (a) was enacted in 1942. See § 332 (b)(4) of the 1939 Code, added by Act of October 21, 1942, c. 619, § 169 (a), 56 Stat. 877. This section applied only to civil income tax refund proceedings. The Report of the House Ways and Means Committee (H. R. Rep. No. 2333, 77th Cong., 2d Sess., 119) states:

> "If the taxpayer files his return before the last day on which it is due, the period in which he can file a claim for refund under the provisions of section 322 (b)(1), measured from the date the return was filed, will expire sooner than would be the case if he waited until such last day. Section 150 of the bill adds paragraph (4) to section 322 (b) to provide that the period of limitations with respect to credit or refund is measured from the last day prescribed for the filing of the return in cases where the return is filed before such last day. *This provision does not apply to taxpayers who are given the benefit of an extension of time in which to file their returns, and file the return before the last day of the extended period. . . .*" (Emphasis added.)

Accord, S. Rep. No. 1631, 77th Cong., 2d Sess., 156. Then, in adopting the 1954 Code, the contested reference to § 6513 was added to § 6531. The House and Senate Reports expressly confirmed that § 6513 still encompassed "the existing . . . rule *as to early returns and advance payment.*" H. R. Rep. No. 1337, 83d Cong., 2d Sess., A 416; S. Rep. No. 1622, 83d Cong., 2d Sess., 587. (Emphasis added.)

The language of § 6513 (a) does not purport to apply when a return is filed during an extension of time. The

legislative history is to the same effect. Accordingly, although we reiterate the principle that criminal limitations statutes are "to be liberally interpreted in favor of repose," *United States* v. *Scharton,* 285 U. S. 518, 522 (1932), we cannot read the statute as appellees urge.

The judgment of the District Court is reversed, and the case is remanded for further proceedings.

*Reversed and remanded.*

MR. JUSTICE MARSHALL took no part in the consideration or decision of this case.