UNITED STATES of America, Plaintiff-Appellee,

v.

Robert E. McGEE, Defendant-Appellant.

No. 77–5661
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 10, 1978.

Rehearing Denied June 7, 1978.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

John L. Briggs, U. S. Atty., Thomas E. Morris, Asst U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

Defendant-appellant McGee is a dog trainer who was tried and convicted for violating 26 U.S.C. § 7206(2), causing preparation and presentation to the Internal Revenue Service of false or fraudulent documents. Apparently the defendant is a "tenpercenter", or an individual who cashes winning tickets in return for a commission of 10%. This action prevents the real winner from having to claim his prize on his own income tax form. The government produced testimony that four winning tickets had been paid to the defendant. In each case the defendant gave the information and signed a form 1099 as required by law. The government also produced testimony from a Mr. Bridges and a Mr. Strickland that they were the true owners of the tickets and had paid off the defendant for his services.

On appeal McGee raises as error the following points: (1) that he cannot be found guilty of filing a fraudulent form when the district court granted a directed verdict on the issue of filing a false form, (2) that the evidence that he filed a fraudulent form is insufficient, (3) that he should have been permitted to offer into evidence new gambling regulations which came into effect after the offense for which he was convicted was complete, and (4) that the government should not have been permitted to offer evidence of a prior conversation between appellant and one Bridges relating to an identical scheme.

None of appellant's contentions merits reversal. He argued in the trial court that he could not be found to have filed a false return because he gave his own

Al S. Millar, Jr., Jacksonville, Fla. (Court-appointed), for defendant-appellant.

rather than a fictitious name. Numerous decisions hold that an individual who signs form 1099 with his own name but is in reality a "ten percenter" may be convicted for filing a false or fraudulent return. *United States v. Walsh*, 544 F.2d 156 (4 Cir. 1976); *United States v. Kessler*, 449 F.2d 1315 (2 Cir. 1971). The district court evidently thought that the return was not false because the defendant used his real name. It did, however, instruct the jury on the meaning of fraudulent, noting that the return was fraudulent if it were made with the intent to deceive the government. Defendant requested no other instruction. It is clear that the government has been defrauded within the meaning of Section 7206(2) when the scheme is calculated to defeat government collection of tax. *United States v. Haimowitz*, 404 F.2d 38 (2 Cir. 1968). The statute is written disjunctively and it is sufficient for the government to prove either that the information was supplied with the intent to deceive or that the information was false in the sense of being deceptive. *See United States v. Snider*, 502 F.2d 645 (4 Cir. 1974).

The government introduced ample evidence to show the existence of the scheme to defraud tax collectors. Both Bridges and another witness Strickland testified that they did not bet with the defendant on the tickets, but were the owners of the tickets. They also gave sufficient testimony to show that the defendant knew the tax consequences of filing the form 1099. Bridges testified that McGee once told him that he could have cashed a particular ticket without filing the form and that his income was low implying that cashing the tickets would not matter to him.

The trial court refused to allow the defendant to introduce new tax rules and forms which gave co-owners of tickets extended time to file and account for their winnings. These rules were not in effect at the time the defendant filed form 1099. The offense of filing a fraudulent return is complete at the time of filing. *United States v. Habig*, 390 U.S. 222, 88 S.Ct. 926, 19 L.Ed.2d 1055 (1968). The trial court did not abuse its discretion in determining that this evidence was irrelevant. Federal Rule of Evidence 403.

Defendant McGee also argued that the government should not have been permitted to introduce testimony of a conversation relating to a similar scheme involving another ticket that took place some six months earlier. Bridges testified that McGee had cashed a winning Trifecta ticket for him and afterwards said that Bridges himself could have cashed the ticket because it was not necessary to sign a form for winnings under $3,000. The government claims that the conversation was admissible to show McGee's intent. We agree. The statute requires that the defendant file the fraudulent form willfully. Thus the evidence was admissible to prove a material element of the crime. It also bears a sufficient degree of similarity to the crime with which McGee was charged in this case. *See United States v. Bloom*, 538 F.2d 704 (5 Cir. 1976). There was no error in the trial below and the defendant's conviction is AFFIRMED.