PER CURIAM.
This petition for writ of certiorari seeks review of an order of the circuit court entered in its appellate capacity. The order for which review is sought affirmed the county court conviction of petitioner on a charge of intentional evasion of payment of sales tax, Section 212.12(2), Florida Statutes (1975), following his plea of nolo contendere which reserved the right to appeal the denial of a motion to dismiss premised upon petitioner’s assertion that the statute of limitations had expired prior to the date prosecution was commenced. Since we find a material fundamental error in application of the law which constitutes a departure from the essential requirements of law, we grant the petition for writ of certiorari.
An information was filed January 26, 1979, charging petitioner with evading payment of sales tax. Between August 1,1973, and July 31, 1976, petitioner, owner of a food market, filed monthly state sales tax returns. August 27, 1976, following an audit, the Department of Revenue tendered a notice of assessment against petitioner alleging unpaid taxes, delinquent penalties and interest for the period August 1, 1973, through July 31,1976. Petitioner instituted Chapter 120 proceedings to contest the assessment. On January 3, 1978, a proposed order was promulgated and on February 7, 1978, the order assessing $2,238.92 became final. In his motion to dismiss, petitioner contended the statute of limitations had expired prior to January 26, 1979. Following the county court’s denial of the motion and petitioner’s plea of nolo contendere, petitioner appealed his conviction to the circuit court. The circuit court affirmed the conviction adopting the state’s argument that the statute of limitations for the offense did not commence until the time had passed for appeal from the order of final assessment entered by the Department of Revenue, March 9, 1978.
The offense proscribed by Section 212.-12(2) is a misdemeanor of the second degree. Since no specific limitation period is set out in Chapter 212 for this offense, the general time limitations are applicable.[1] Section 775.15, Florida Statutes (1975), provides:
******
*1081 (2) Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation:
* * * * * #
(d) A prosecution for a misdemeanor of the second degree ... must be commenced within 1 year after it is committed.
* * * * * sft
(4) An offense is committed either when every element has occurred or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the defendant’s complicity therein is terminated. Time starts to run on the day after the offense is committed.
To determine whether the one year limitation period had expired prior to prosecution, it is necessary to resolve the issue of when the offense of evasion of payment of sales tax is committed. Taxes levied upon sales of tangible personal property are due and payable monthly on the first day of each month. § 212.11(1), Fla.Stat. (1975). Dealers must file a return with the department on or before the twentieth day of the month showing the gross sales taxable during the preceding calendar month. Id. Sales taxes for each month are due to the department on the first day of the succeeding month and are considered delinquent on the twenty-first day of such month. § 212.-15(2), Fla.Stat. (1975). We conclude the offense of evasion of payment of sales tax was committed when petitioner was required to pay the sales tax, i. e., no later than the twenty-first day of the month succeeding the month for which the taxes were collected.
Our conclusion that the crime was committed at the time petitioner failed to report or remit his taxes as they became due and owing is consistent with federal law regarding the statute of limitations for prosecution for filing a false return and is buttressed by decisions from other jurisdictions. It has been held that the period of limitations prescribed by 26 U.S.C.A., § 6531, for a criminal prosecution under 26 U.S.C.A., § 7201, for the offense of attempting to evade or defeat income tax by filing a false income tax return, commences to run from the date of actual filing of the return, where extensions of time have been granted, or from the due date, whichever is later. United States v. Habig, 390 U.S. 222, 88 S.Ct. 926, 19 L.Ed.2d 1055 (1968); United States v. Silverman, 449 F.2d 1341 (2nd Cir. 1971), cert. denied, 405 U.S. 918, 92 S.Ct. 943, 30 L.Ed.2d 788 (1972). See also, United States v. Zudick, 523 F.2d 848 (3rd Cir. 1975). In Bunge v. State, 149 Ga.App. 712, 256 S.E.2d 23 (Ga.1979), the court held that liability for a willful failure to pay sales tax in violation at the Georgia Retailers’ and Consumers’ Sales and Use Tax Act attached at the time Bunge failed to report or remit his taxes at the time such taxes were due. In reaching this conclusion, the court rejected the assertion that liability for the payment of delinquent sales taxes did not attach until notice and demand was given by the tax commissioner or his delegate. Similarly, in Commonwealth v. Bender, 251 Pa. Super. 454, 380 A.2d 868 (1977), the court held that the offense of willful failure or refusal to remit sales tax was completed the day following the date payment of the tax was due.
Respondent asserts that by seeking review of the alleged deficiency under Chapter 120, petitioner basically sought an extension of time before paying the tax due. We reject this position. Section 212.-12(5), Florida Statutes (1975) authorizes the department, upon written request, to extend for up to thirty days the time for making returns. No such extension was granted here. Further, petitioner was not charged with attempting to evade payment of the deficiency assessment, but rather was charged due to his failure to remit taxes when due. We similarly reject respondent’s assertion that the pendency of administrative proceedings challenging the assessment precluded criminal prosecution. No provision in Chapter 120 or in Chapter 212 prevents a criminal prosecution during disposition of administrative remedies.
*1082 Accordingly, we find that the statute of limitations had expired prior to commencement of prosecution herein. The circuit court departed from the essential requirements of law by affirming petitioner’s conviction when the county court had no jurisdiction of the matter due to expiration of the statute of limitations. The petition for writ of certiorari is granted and the cause is remanded to the circuit court with instructions to vacate the judgment and sentence imposed by the county court.
McCORD, ROBERT P. SMITH, Jr., and ERVIN, JJ., concur.

. § 212.15(3), Fla.Stat. (1979), provides that prosecution of the misdemeanor of theft of state funds, § 212.15(2), Fla.Stat. (1979), shall be commenced no later than two years from the date of the offense. However, this section did not become effective until July 1, 1979. Ch. 79-359, § 5, Laws of Florida.