**UNITED STATES of America, Appellee,**

v.

**Clarence Blount AYERS, Jr., Appellant.**

**No. 81–5164.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 9, 1981.

Decided March 10, 1982.

Lee E. Knott, Jr., Washington, D. C. (McMullan & Knott, Herman E. Gaskins, Jr., Washington, D. C., on brief), for appellant.

Michael E. Karam, Tax Div., Dept. of Justice, Washington, D. C. (Samuel T. Currin, U. S. Atty., Raleigh, N. C., John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, Robert E. Lindsay, Tax Div., Dept. of Justice, Washington, D. C., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and BUTZNER and RUSSELL, Circuit Judges.

BUTZNER, Circuit Judge:

Clarence Blount Ayers, Jr., appeals from a judgment convicting him of evading income taxes for the calendar years 1974 and 1975 in violation of 26 U.S.C. § 7201. Ayers claims the count pertaining to 1974 was barred by the statute of limitations. He also contends that the evidence introduced on both counts was insufficient to sustain the verdict. We affirm.

Ayers filed his 1974 return on February 24, 1975. He was indicted on March 4, 1981. Both parties agree that the six year statute of limitations provided by 26 U.S.C. § 6531(2) is applicable. Both agree that the due date of Ayers's return governs the commencement of the period of limitation, but they disagree over whether the return was required to be filed by March 1 or April 15, 1975. Ayers asserts that as a farmer who did not file a declaration of estimated tax by January 15, 1975, as directed by 26 U.S.C. § 6073(b), he was required by § 6015(f) to file his return no later than March 1, 1975. Consequently, he says, the March 4, 1981, indictment was returned beyond this six year period of limitation. The government contends that Ayers's return was due April 15, 1975, and that the indictment was timely.

■ The flaw in Ayers's argument is in his interpretation of § 6015(f). This section does not govern the date on which a return must be filed. It simply states that a farmer's return filed by March 1 may also serve as a timely declaration of estimated tax that otherwise should have been filed by January 15.* The time for filing a tax return, as distinguished from a declaration of estimated tax, is governed by § 6072(a). This section provides that "returns made on the basis of the calendar year shall be filed on or before the 15th day of April following the close of the calendar year ...."

Section 6531, which imposes the six year limitation, states: "For the purpose of determining the periods of limitation on criminal prosecutions, the rules of section 6513 shall be applicable." Section 6513(a) provides that "any return filed before the last day prescribed for the filing thereof shall be considered as filed on such last day." For Ayers's calendar year return the last day was April 15, 1975. *See* 26 U.S.C. § 6072(a). Accordingly, for the purpose of determining the period of limitations, Ayers's return is deemed to have been filed on April 15, 1975. *See United States v. Habig,* 390 U.S. 222, 225, 88 S.Ct. 926, 928, 19 L.Ed.2d 1055 (1968); *United States v. Silverman,* 449 F.2d 1341, 1346 (2d Cir. 1971).

---

* 26 U.S.C. § 6015(f) provides in part: "If on or before ... March 1, in the case of [a farmer], of the succeeding taxable year the taxpayer files a return, for the taxable year for which the declaration is required ... such return shall be considered as such declaration ..."

Because the indictment returned on March 4, 1981, was within the six year period of limitation, the district court correctly denied Ayers's motion to dismiss the count pertaining to 1974.

Ayers did not maintain accurate books and records, and he made expenditures without depositing all of his proceeds from farming and fertilizer sales in his bank account. Therefore, the government relied on a method of proof that utilizes both bank deposits and currency expenditures. The record demonstrates that the government complied with the requirements of a bank deposit and currency expenditure theory of prosecution. *See United States v. Boulet*, 577 F.2d 1165, 1167–72 (5th Cir. 1978); *United States v. Esser*, 520 F.2d 213, 217 (7th Cir. 1975). Viewing the evidence in the light most favorable to the government, as required by *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), we conclude that the prosecutor proved all of the elements of the offense of tax evasion. *See Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965).

AFFIRMED.