**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dexter R. SAMS, Defendant–Appellant.**

**No. 87–5727.**

United States Court of Appeals,
Sixth Circuit.

Nov. 25, 1988.
Rehearing Denied Feb. 6, 1989.

Lowell W. Lundy, argued, Barbourville, Ky., for defendant-appellant.

Louis DeFalaise, U.S. Atty., Lexington, Ky., Thomas Self, argued, for plaintiff-appellee.

Before JONES, MILBURN and BOGGS, Circuit Judges.

NATHANIEL R. JONES, Circuit Judge.

Defendant-appellant, Dexter R. Sams, appeals his jury conviction for willfully failing to pay income taxes. For the reasons set forth below, we affirm.

I.

Sams was indicted on November 19, 1986 on three misdemeanor counts of willfully failing to pay his income taxes for three calendar years. Only Count One of the indictment is at issue in this appeal. Count One provides in pertinent part that

during the calendar year 1979, the defendant ... had and received taxable income of at least $15,750.00, on which taxable income there was owing to the United States an income tax of $3,496.00; that he was required by law on or before April 15, 1980, to pay said income tax ...; and that well-knowing and believing all of the foregoing, he did willfully fail to pay the said income tax.... in violation of Title 26, United States Code, Section 7203.

J.App. at 5. Sams was arraigned on December 15, 1986 at which time he pled not guilty to all three counts of the indictment.

Sams filed his 1979 income tax return with the Internal Revenue Service ("IRS") on November 24, 1980. No taxes were remitted with the return and a letter from Sams's accountant was attached to the return which stated that "[t]axpayer reports that he is short of funds. He assures us that he will make arrangements to pay." Tr., Vol. I at 37. No such arrangements were ever made and Sams had not paid the taxes owed for 1979 at the time of his March 1987 trial.

Sams's jury trial began on March 18, 1987. At the close of the Government's case, Sams moved for a directed verdict of acquittal. He argued that the indictment as to Count One was barred by the six-year statute of limitations applicable for violations of section 7203. Sams specifically argued that since the IRS had not granted him an extension to pay his 1979 taxes, the statute of limitations began to run on April 15, 1980—the day the 1979 taxes were due. Since the indictment was not returned until November of 1986, Sams contended that the indictment was barred. In response to Sams's motion, the Government argued that the statute of limitations for a charge of willful failure to pay taxes begins to run when the tax return is filed, not when the

taxes are due. Since Sams's 1979 return was filed on November 24, 1980, the Government contended that the November 19, 1986 indictment was within the six-year limitations period provided in 26 U.S.C. § 6531 (1982). The trial court accepted the Government's position and denied Sams's motion for a directed verdict.

On May 21, 1987, the jury found Sams guilty on all three counts of the indictment. Sams subsequently filed a timely notice of appeal. The only issue before this court is whether the statute of limitations for willfully failing to pay federal income taxes begins to run on the date the tax return is due to be filed or on the date the tax return is actually filed.

## II.

The statute under which Sams was indicted, 26 U.S.C. § 7203 (1982), provides in pertinent part that:

> Any person required under this title to pay any ... tax ... who willfully fails to pay such ... tax ... at the time or times required by law or regulations, shall ... be guilty of a misdemeanor. . . .

The statute of limitations for violations of section 7203 is set forth in 26 U.S.C. § 6531 which provides in part that

> No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years—
>
> . . . .
>
> (4) for the offense of willfully failing to pay any tax, or make any return ... at the time or times required by law or regulations.
>
> . . . .
>
> *For the purpose of determining the period of limitations on criminal prosecutions, the rules of section 6513 shall be applicable.*

(emphasis added).

■ Relying on the above-emphasized language, Sams argues that the rules of section 6513 govern the applicable period of limitations in this case. Section 6513 provides in part that "the last day prescribed for filing the return or paying the tax shall be determined without regard to any extension of time granted the taxpayer." 26 U.S.C. § 6513(a) (1982). However, in *United States v. Habig*, 390 U.S. 222, 225, 88 S.Ct. 926, 928, 19 L.Ed.2d 1055 (1968), the Supreme Court held that section 6513(a) is applicable only in situations where "a return is filed or a tax is paid before the statutory deadline." The Court specifically noted that "[t]here is no reason to believe that § 6531, by reference to the 'rules of section 6513' expands the effect and operation of the latter beyond its own terms so as to make it applicable to situations other than those involving early filing or advance payment." *Id.* In the present action, since Sams neither paid his taxes in advance nor filed an early return, section 6513 is not applicable.

## III.

Having determined that section 6513 does not provide the applicable limitations period, we now consider what constitutes the appropriate "starting date" for the statute of limitations under section 6531. Both Sams and the Government assert that the statute of limitations for willful failure to pay taxes can be determined as a matter of law. Sams contends that, as a matter of law, the statute begins to run on the date the tax return is due to be filed. The Government, on the other hand, argues that the statute begins to run when the tax return is actually filed. We reject both of these arguments.

■ In general, criminal statutes of limitations begin to run when the crime is complete, *i.e.*, when every element of the crime has been committed. *See Toussie v. United States*, 397 U.S. 112, 115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970). In the instant action, the trial court instructed the jury that in order to convict Sams, the Government had to show that Sams had a duty to pay taxes, that he failed to pay his taxes, and that his failure to pay was willful. The court noted that since Sams filed

his tax returns every year, the key issue was whether Sams "willfully" failed to pay the taxes owed.

 The determination of when willfulness manifests itself is a factual issue which must be determined by the jury. *United States v. Hook,* 781 F.2d 1166, 1170–73 (6th Cir.), *cert. denied,* 479 U.S. 882, 107 S.Ct. 269, 93 L.Ed.2d 246 (1986). In addition, we agree with the conclusion reached by the Ninth Circuit that since "willfulness is an essential element" of this crime, the statute of limitations "begins to run not when the taxes are assessed or when payment is demanded, but rather when the failure to pay the tax becomes wilful...." *United States v. Andros,* 484 F.2d 531, 532 (9th Cir.1973) (citations omitted). We hold that the limitations period for willfully failing to pay income taxes cannot be determined by any general rule. Rather, the limitations period begins to run when the taxpayer manifests some act of willful nonpayment.

In this case, the trial court specifically instructed the jury that it was their responsibility to determine Sams's "intent" to pay the taxes which he owed the IRS. Sams attached a note to his 1979 tax return which asserted that, as of November 24, 1980, he intended to "make arrangements to pay" the taxes owed. Consequently, the jury could reasonably have determined that Sams's "willfulness" not to pay the taxes did not occur until at least November 24, 1980. Sams did not object at trial to the jury instructions given by the district court. Thus, the issue of whether the court *should* have instructed the jury to specify the date on which Sams's failure to pay taxes became willful is not before us. Fed.R.Crim.P. 30. In our view, the jury instructions neither contain "plain errors" nor misstate the law. Fed.R.Crim.P. 52(a). *See United States v. Glover,* 846 F.2d 339, 344 (6th Cir.1988). Therefore, since the jury could have concluded that Sams committed every element of the crime of willfully failing to pay income taxes within six years prior to the date of the indictment, we hold that the statute of limitations was not a bar to the first count of Sams's indictment.

## IV.

For the reasons stated above, the defendant's conviction is hereby AFFIRMED.