*United States v. Eugene Osuala*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand fourteen.

PRESENT:

> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

*Appellee,*

-v.- No. 12-3573

EUGENE OSUALA,

*Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:** Eugene Osuala, *pro se*, Otisville, NY.

**FOR UNITED STATES-APPELLEE:** Andrew D. Goldstein, Justin S. Weddle, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

1

Appeal from the judgment of the United States District Court for the Southern District of New York (Stein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 30, 2012 judgment of the District Court is **AFFIRMED**.

Eugene Osuala, proceeding *pro se*, appeals from an August 30, 2012 judgment of conviction, entered following a jury trial, for one count of obstructing and impeding the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a), two counts of subscribing to false and fraudulent income tax returns, in violation of 26 U.S.C. § 7206(1), and forty counts of aiding and assisting in the preparation of false and fraudulent United States individual income tax returns, in violation of 26 U.S.C. § 7206(2). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Osuala challenges his conviction on the ground that certain counts of the Indictment were barred by the applicable six-year statute of limitations, 26 U.S.C. §§ 6513, 6531. Because Osuala failed to raise this argument in the District Court, it is waived.[1] *See, e.g.*, *United States v. Kelly*, 147 F.3d 172, 177 (2d Cir. 1998). In any event, the claim fails on the merits. For the counts based on fraudulent tax returns, the limitations period runs from the filing deadline for the relevant tax return, not the date on which the return was actually submitted. 26 U.S.C. § 6513(a); *see also United States v. Habig*, 390 U.S. 222, 225-26 (1968). Under this calculation, none of the returns on which the conviction was based were time barred. Count One, which alleged a scheme to obstruct administration of the tax laws, is within the limitations period if any act integral to the scheme occurred within that period, as was the case here.

---

[1] The parties dispute whether Osuala raised his statute of limitations claim below. A review of the trial and sentencing transcripts reveals that no motion to dismiss was filed or objection lodged to any count based on a claim that it fell outside the statute of limitations period.

Osuala also claims that his sentence of 42 months was unreasonable because the District Court considered tax returns that were not a basis for his conviction, or were outside the statute of limitations, in calculating "tax loss" for sentencing purposes. Osuala's sentence is reviewed for reasonableness. *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013). We review the District Court's interpretation and application of the Guidelines *de novo*, and its findings of fact for clear error. *United States v. Zagari*, 111 F.3d 307, 323 (2d Cir. 1997).

Section 2T1.1(c)(1) of the Guidelines defines "tax loss" as "the total amount of loss that was the object of the offense." Application Note 2 to this Guideline notes that "all conduct violating the tax laws should be considered as part of the same course of conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated." Thus, the District Court properly considered uncharged conduct and conduct that fell outside the relevant statute of limitations. *See United States v. Silkowski*, 32 F.3d 682, 688 (2d Cir. 1994) ("relevant conduct . . . include[s]: conduct for which the defendant was acquitted, conduct that predates that charged in the indictment, and conduct not charged in the indictment." (internal citations omitted)). Therefore, Osuala has not shown that his sentence was unreasonable.

## CONCLUSION

We have reviewed the arguments on appeal, and find them to be without merit for the reasons set forth above. Accordingly, we **AFFIRM** the August 30, 2012 judgment of the District Court.

> FOR THE COURT,
> Catherine O'Hagan Wolfe, Clerk of Court