NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0507n.06

No. 15-3744

**FILED**
Aug 26, 2016
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JOHN J. JOHNSON, | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:     MOORE, ROGERS, and SENTELLE,[*] Circuit Judges.

ROGERS, Circuit Judge.   Although they cause much hardship to defendants, not all prosecutions that turn out to be baseless are pursued with malicious intent.   In this case, the Government indicted John Johnson on April 16, 2013, for making a material false statement on his 2006 federal income tax return.   A dispute arose between the parties whether the statute of limitations expired on April 15, 2013, or April 17, 2013.   The district court resolved the matter in favor of the Government, and, after a five-day trial, the jury convicted Johnson.   On appeal to this court, Johnson again argued that the statute of limitations expired one day before the indictment issued, this time citing more persuasive authorities.   The Government conceded that Johnson had the correct view of the issue.   After we accepted the Government's concession and instructed the district court to dismiss the indictment, *United States v. Johnson*, 599 F. App'x

---

[*] The Honorable David B. Sentelle, United States Circuit Judge for the District of Columbia Circuit, sitting by designation.

242 (6th Cir. 2015), Johnson filed an application with the district court under the Hyde Amendment, which permits an award of attorney's fees and other litigation expenses to the prevailing party in a federal criminal case if, among other requirements, the Government's position was vexatious, frivolous, or in bad faith. Johnson now appeals the district court's order denying his application. While the expenses that Johnson incurred while defending the time-barred prosecution are unfortunate, the district court did not abuse its discretion in denying relief under the Hyde Amendment and in finding that the Government's position was not vexatious, frivolous, or in bad faith.

Johnson filed his 2006 federal income tax return in February 2007, well before the general statutory deadline of April 15, *see* 26 U.S.C. § 6072(a). However, the six-year statute of limitations for criminal prosecutions relating to early-filed returns like Johnson's begins to run from "the last day prescribed for the filing thereof," rather than from the date actually filed. *See* 26 U.S.C. §§ 6513(a), 6531. Because of the day of the week on which April 15 fell in 2007, it was not immediately apparent which day was "the last day prescribed for the filing" of 2006 tax returns. In 2007, April 15 fell on a Sunday. The next day, April 16, 2007, was a legal holiday. Accordingly, pursuant to 26 U.S.C. § 7503, federal income tax returns for 2006 were still "considered timely" if filed on April 17, 2007—"the next succeeding day" after April 15 that was "not a Saturday, Sunday or a legal holiday." Thus, the parties and the district court debated which date was "the last day prescribed for the filing" of federal income tax returns for 2006: Was it April 17, 2007, the last day on which returns could be filed and still be "considered timely," *see* § 7503? Or April 15, 2007, the general "prescribed" deadline for filing federal income tax returns, *see* § 6072(a)?

In arguing for the April 15 date before the district court, Johnson cited the abovementioned statutes as well as the Supreme Court's decision in *United States v. Habig*, 390 U.S. 222 (1968), in which the Court held that the statute of limitations for returns filed after the deadline pursuant to an extension ran from the date actually filed, rather than from the unextended date on which the returns were originally due to be filed.[1]  *Id.* at 224–25.  Despite Johnson's arguments, the district court sided with the Government, reasoning that because "the last day for filing the 2006 tax return in 2007 is the date upon which the statute of limitations commences to run" and because "the last day for filing 2006 tax returns was April 17, 2007," it was "obvious" that the indictment was filed within the statutory limit.  The district court also denied Johnson's motion for reconsideration.

When Johnson renewed his argument on appeal, he cited for the first time the Internal Revenue Manual, which directly supports his position.  *See* No. 14-3760, Johnson's Br. at 26-27.  Johnson cited § 9.1.3.6.3 of the manual, which states that "the statutory due date [of April 15] remains unchanged" when the due date falls on a Saturday, Sunday, or legal holiday, meaning that "the calculation of the statute of limitations . . . should use the statutory due date regardless of the day of the week on which that date falls."  Johnson also cited § 25.6.1.6.15 of the manual, which states that "[f]or example, a Form 1040 received on Friday, April 13 is deemed filed on Sunday, April 15."  *See* No. 14-3760, Johnson's Br. at 26.  The Government, in response, confessed error and indeed provided even more support for Johnson's position.  *See* No. 14-3760, Government's Br. at 9–10 (citing *Kabotyanski v. IRS*, 2007 WL 526603 (E.D.N.Y. Feb. 13, 2007); *Weisbart v. IRS*, 2004 WL 528442 (E.D.N.Y. Mar. 15, 2004); *Hannahs v. United*

---

[1] In *Habig*, the Court accepted the Government's argument that to hold otherwise would mean that the statute of limitations would—anomalously—start running before the criminal act occurred.  390 U.S. at 224–25.  Such an anomaly would not occur in the context of the Government's original argument in this case.

*States*, 1995 WL 230461 (W.D. Tenn. Jan. 30, 1995); Rev. Rul. 2003-41, 2003-1 C.B. 814; Rev. Rul. 81-269, 1981-2 C.B. 243).

After we instructed the district court to dismiss the indictment in light of the Government's concession, *Johnson*, 599 F. App'x 242, Johnson moved in the district court for fees and expenses pursuant to the Hyde Amendment, Pub. L. No. 105–119, § 617, 111 Stat. 2519 (1997), *reprinted in* 18 U.S.C. § 3006A, Historical & Statutory Notes. The district court denied the application, finding that Johnson did not show that the Government's position was vexatious, frivolous, or in bad faith. The district court reasoned that the Government's position was not frivolous, because it concerned a legal issue of first impression and because the district court initially accepted the Government's position. The district court next rejected Johnson's argument that the Government's failure to disclose the Internal Revenue Manual provisions showed that the Government's position was vexatious or in bad faith, because the Government was not obligated to present the manual, which is not controlling law, to the court. Finally, the district court rejected Johnson's argument that the Government's bad faith was evidenced by the fact that it pursued inconsistent factual theories in the separate prosecutions against Johnson and his brother, because "[t]he Government may bring the same or similar action against two separate defendants for the same or similar conduct."

The district court did not abuse its discretion in denying Johnson's Hyde Amendment application and in finding that the Government's position was not vexatious, frivolous, or in bad faith. First, the Government's position was not frivolous, because the Government advanced a cognizable argument, based on a reasonable interpretation of the applicable statutes, regarding a matter of first impression about which reasonable jurists might disagree. "[F]or the purpose of the Hyde Amendment[, a] frivolous position is one lacking a reasonable legal basis or where the

government lacks a reasonable expectation of attaining sufficient material evidence by the time of trial." *United States v. Heavrin*, 330 F.3d 723, 729 (6th Cir. 2003). Here, the Government's argument to the district court on the open question of when the statute of limitations expires for early-filed federal income tax returns in cases where April 15 falls on a Saturday, Sunday, or legal holiday was not lacking a reasonable legal basis. It was not unreasonable for the Government, on the basis of the statutes alone, to interpret "the last day prescribed for the filing thereof" as meaning the last day on which the filing of a return could be "considered timely."

The conclusion that the Government's position was not frivolous finds support in *United States v. Isaiah*, 434 F.3d 513 (6th Cir. 2006), in which we held that the Government's position regarding statutory interpretation is not frivolous for the purposes of the Hyde Amendment when the relevant statutes are "not entirely clear" and the Government's argument is "at least arguably supported by this circuit's case law." *Id.* at 520-521. The statutes in this case are similarly unclear. The text of 26 U.S.C. §§ 6513, 6531, and 7503 does not clearly answer which date was "the last day prescribed for the filing" of federal income tax returns (which is perhaps why the IRS felt the need to provide guidance on this issue in its revenue rulings and manual). Additionally, no published case foreclosed the Government's position, and while the Internal Revenue Manual that Johnson cites may be entitled to some level of deference by courts, *see Atrium Medical Center v. U.S. Department of Health & Human Services*, 766 F.3d 560, 567 (6th Cir. 2014), it is not binding on courts, as it "do[es] not have the force and effect of law," *Valen Mfg. Co. v. United States*, 90 F.3d 1190, 1194 (6th Cir. 1996) (citation omitted). Further, even though the Government ultimately conceded that its original interpretation was incorrect, the Government's position was at least arguably supported by the text of 26 U.S.C. §§ 6513, 6531, and 7503, so much so that the district court was convinced. Indeed, the fact that the district court

accepted the Government's position is strong evidence that the Government's position was not so lacking in legal basis as to be frivolous and that the issue is debatable among reasonable jurists. Ultimately, even though the Government later abandoned it, the Government's position before the district court had some support in the law and did not sink to the level of frivolity.

Second, the district court did not abuse its discretion in concluding that the Government's position was neither vexatious nor pursued in bad faith, because Johnson has not shown that the Government harbored an improper purpose in prosecuting him. The Government's position is vexatious when it is without reasonable or probable cause or excuse and when the case was prosecuted "for the purpose of irritating, annoying, or tormenting the opposing party," *Heavrin*, 330 F.3d at 729, and the Government acts in bad faith when it "conscious[ly] do[es a] wrong because of dishonest purpose or moral obliquity" and has "a state of mind affirmatively operating with furtive design or ill will," *United States v. True*, 250 F.3d 410, 423 (6th Cir. 2001). Thus, both "vexatious" and "bad faith" require a showing that the Government acted with an improper mental state. *See Heavrin*, 330 F.3d at 729 (citing *United States v. Knott*, 256 F.3d 20, 29 (1st Cir. 2001); *United States v. Sherburne*, 249 F.3d 1121, 1126 (9th Cir. 2001)).

In arguing that the Government's position was vexatious and in bad faith, Johnson claims that "[t]he government knew that its internal Manuals committed the government to the view that the statute of limitations period on the charge against John Johnson expired on April 15, 2013." However, Johnson does not point to any evidence showing that the prosecutors in charge of his case did, in fact, know about the manual's provisions. Instead, Johnson relies on a type of constructive knowledge, arguing that because the IRS and the Department of Justice are both part of the federal government, the prosecutors in his case "knew" that the Internal Revenue Manual adopted a position opposite to the one for which they argued. Contrary to Johnson's

arguments, this type of constructive knowledge does not suffice, because the intent required by the vexatious and bad-faith standards is a malicious intent. Johnson has not shown that the Government's failure to cite the manual was anything more than an oversight, rather than a malicious attempt to circumvent the IRS's policies. In retrospect, particularly in light of the harmful consequences of prosecuting a time-barred crime, the prosecutors obviously should have gotten a more definitive determination of the Government's ultimate position on the statute-of-limitations issue. However, even if this is evidence of regrettable sloppiness or negligence, that is not sufficient for Hyde Amendment liability.

If the prosecutors had personal knowledge of the incorrectness of their view but advanced it nonetheless, such as in the Eleventh Circuit case *United States v. Adkinson*, 247 F.3d 1289, 1293 (11th Cir. 2001), Johnson would have a much easier time proving vexation or bad faith. Indeed, this case provides a scenario opposite from that in *Adkinson*. Here, when Johnson first cited the manual, the Government conceded error, rather than continuing to advance a position that it thought was meritless. Such a concession illustrates the Government's *good* faith. In sum, because Johnson has no evidence to support the idea that the Government pursued its statute-of-limitations theory knowing that it was contradicted by the Internal Revenue Manual, the district court did not abuse its discretion in finding that the Government's failure to cite the manual did not show that the Government's position was vexatious or in bad faith.

Johnson's next argument—that the Government's position was vexatious and in bad faith because the Government adopted an inconsistent theory of prosecution in his brother's case—is likewise unpersuasive. Johnson complains that the district court prevented him from introducing the indictment from his brother's prosecution, in which the Government attributed the income at issue to the brother rather than to Johnson. However, as Johnson himself acknowledges, we have

held that the Government is not barred from adopting inconsistent factual positions against different defendants. *Stumpf v. Robinson*, 722 F.3d 739, 750 (6th Cir. 2013) (en banc). Johnson has not shown that the Government had an improper purpose in pursuing different theories of prosecution. As we reasoned in *Stumpf*, "[t]he mere fact that the [Government] argued for different inferences in different cases" does not make the Government's actions unlawful. *Id.* Accordingly, that the Government undertook an action that it is permitted to do—pursue different theories of prosecution against different defendants—does not demonstrate the improper purpose required to prove that the Government's position was vexatious or in bad faith. Thus, because the Government was permitted to pursue different theories of prosecution against the two brothers, the district court did not abuse its discretion when it concluded that the Government's adopting of inconsistent theories of prosecution does not demonstrate that the Government's position was vexatious or in bad faith.

Johnson also argues that the Government's position was vexatious and in bad faith because it purportedly circumvented the plea agreement in his brother's related prosecution and failed to turn over exculpatory evidence unrelated to the statute-of-limitations issue. Neither of these arguments was made to the district court. Accordingly, because "issues not presented to the district court but raised for the first time on appeal are not properly before this court," *J.C. Wyckoff & Associates v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1489 (6th Cir. 1991), we do not address them here.

Finally, Johnson argues that the district court erred by ruling on his Hyde Amendment application without an evidentiary hearing and before he had an opportunity to ask for one. Although the district court ruled quickly, Johnson could have asked for a hearing in his original application or filed a motion for reconsideration making such a request after the district court

denied his application. He did neither. Because the Hyde Amendment permits an expansion of the record only for "good cause shown," *see* Pub. L. No. 105–119, § 617, a district court does not abuse its discretion where, as is the case here, it rules on a Hyde Amendment application without an evidentiary hearing when no motion for such a hearing was ever made. *See United States v. Truesdale*, 211 F.3d 898, 907 (5th Cir. 2000). Further, good cause is not shown for an evidentiary hearing when the applicant seeks to bolster his claims that the prosecution acted in bad faith but does not present any evidence to support his allegations of bad faith. *United States v. Capener*, 608 F.3d 392, 406 (9th Cir. 2010). As outlined above, Johnson's claims that the Government's position was vexatious and in bad faith are unsubstantiated. Therefore, a remand for an evidentiary hearing is not warranted.

For the foregoing reasons, we affirm the district court's denial of Johnson's Hyde Amendment application.