UNITED STATES of America,
Plaintiff–Appellee,

v.

John LUNSTEDT, Defendant–Appellant.

No. 92–30246.

United States Court of Appeals,
Ninth Circuit.

Submitted May 7, 1993.*

Decided July 6, 1993.

---

R.App.P. 34(a); 9th Cir.R. 34–4.

Rita J. Radostitz, Asst. Federal Public Defender, Eugene, OR, for defendant-appellant.

Kent S. Robinson, Asst. U.S. Atty., Portland, OR, for plaintiff-appellee.

Before: PREGERSON and KLEINFELD, Circuit Judges, and INGRAM, District Judge.[**]

PREGERSON, Circuit Judge:

John Lunstedt appeals his conviction for possession of a firearm in a Federal court facility under 18 U.S.C. § 930(d)(1). Lunstedt contends that his conviction and ten-month sentence should be reversed because (1) the district court erred in denying his motion to dismiss the prosecution's indictment; (2) there is insufficient evidence to support the jury's verdict; and (3) the court

gave the jury an inadequate instruction on an element of his offense. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

## BACKGROUND

On July 9, 1991, Lunstedt entered the Gus J. Solomon Federal Courthouse in Portland, Oregon. He walked through the front entrance, through a small foyer, through a second set of doors, and arrived at an x-ray machine. Lunstedt carried a small gym bag. He placed this bag on the conveyor belt of the x-ray machine. He then walked through a metal detector. At a security officer's request, Lunstedt emptied his pockets, which contained a small pocket-knife. The security officer informed Lunstedt that he could not bring the knife into the courthouse. Lunstedt put his name and phone number on a piece of paper and wrapped the knife in the paper. He gave it to a security officer with the intent of retrieving it when he left the building.

When Lunstedt's bag went through the x-ray machine, a security officer noticed an unidentifiable object. The officer changed the position of the bag and ran it through the machine again. The officer concluded that the object was a handgun. He called his supervisor and a United States Deputy Marshal. They searched Lunstedt's bag, seized his handgun, and arrested him.

Lunstedt was charged with possession of a firearm in a Federal facility in violation of 18 U.S.C. § 930(d). At his arraignment, Lunstedt entered a plea of not guilty.

Lunstedt filed a motion to dismiss the indictment. In his motion, he argued that there was no conspicuously posted notice, warning the public of the illegality of possessing a firearm in a Federal courthouse, as required by 18 U.S.C. § 930(g). The district court denied the motion.

After a one-day jury trial, Lunstedt was convicted as charged. Thereafter, Lunstedt filed a motion for judgment of acquittal. The district court denied the motion and proceed-

[**] The Honorable William A. Ingram, Senior United States District Judge for the Northern District of California, sitting by designation.

ed with sentencing. Judge Panner sentenced Lunstedt to 10 months' incarceration. Lunstedt timely appeals.

## ANALYSIS

### I. Motion to Dismiss

Lunstedt contends that the district court erred in denying his motion to dismiss the indictment under Fed.R.Crim.P. 12(b)(2).

Our cases are divided as to the appropriate standard of review for a district court's denial of an appellant's motion to dismiss an indictment. *See United States v. Gonzalez,* 800 F.2d 895, 899 (9th Cir.1986) (citation omitted) (holding that the appropriate standard is abuse of discretion); *United States v. De Rosa,* 783 F.2d 1401, 1404 (9th Cir.1986) (citation omitted) (holding that the appropriate standard is de novo). We need not decide between the *Gonzalez* and *De Rosa* standards, however, because under either standard, we must affirm the judgment of the district court.

■ A district court cannot grant a motion to dismiss an indictment if the motion is " 'substantially founded upon and intertwined with' evidence concerning the alleged offense...." *United States v. Shortt Accountancy Corp.,* 785 F.2d 1448, 1452 (9th Cir.) (citations omitted), *cert. denied,* 478 U.S. 1007, 106 S.Ct. 3301, 92 L.Ed.2d 715 (1986). Rather, a district court can only grant such a dismissal if it is " 'entirely segregable' from the evidence to be presented at trial." *Id.* (citations omitted). Otherwise, "the motion falls within the province of the ultimate finder of fact and must be deferred [to the jury]." *Id.* "[A] motion requiring factual determinations may be decided before 'trial [*only* ] *if* trial of facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense.' " *Id.* (quoting *United States v. Covington,* 395 U.S. 57, 60, 89 S.Ct. 1559, 1561, 23 L.Ed.2d 94 (1969)) (emphasis added).

Here, the indictment charged Lunstedt with violating 18 U.S.C. § 930(d). Title 18 U.S.C. § 930(d) provides that "whoever knowingly possesses or causes to be present a firearm in a Federal court facility, or attempts to do so, shall be fined under this title, imprisoned not more than 2 years, or both." 18 U.S.C. § 930(d)(1) (1993).

But, to be convicted under 18 U.S.C. § 930(d)(1) for possession of a firearm in a Federal court, notice of the illegality of such possession must be posted *conspicuously* at each public entrance to the courthouse, unless a defendant has actual notice. *See* 18 U.S.C. § 930(g). Lunstedt contends that the notice at the courthouse was not "conspicuously posted." Hence, Lunstedt argues, the district court should have dismissed the indictment.

The issue of whether or not the warning was conspicuously posted is not "entirely segregable from the evidence to be presented at trial." In fact, Lunstedt concedes as much in his motion to dismiss when he states: "It is *anticipated that testimony* will show that the only posting of the required notice is in a glass enclosed bulletin board...." A factual determination on the conspicuousness of the warning was essential to the defense. Thus, the district court could not make such a determination by granting the pretrial motion to dismiss. *See Shortt,* 785 F.2d at 1452. Hence, the district court's refusal to grant Lunstedt's motion to dismiss the indictment was proper.

### II. Sufficiency of Evidence

■ Lunstedt contends that his conviction should be reversed because there was insufficient evidence at trial to support the jury's guilty verdict.

The role of the appellate court in reviewing the sufficiency of the evidence is limited. *See United States v. Loya,* 807 F.2d 1483, 1489 (9th Cir.1987). "When sufficiency of the evidence is challenged, we must affirm 'if after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *Id.* at 1486 (citing *Shortt,* 785 F.2d at 1453 (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979))). In fact, we can only impinge on the jury's discretion "to the extent necessary

to guarantee the fundamental protection of due process of law." *Id.* at 1489.

At trial, three witnesses testified that a warning sign was posted on the bulletin board in the foyer, just inside the only public entrance to the courthouse. The sign, which was introduced into evidence, consisted of a picture of a firearm, with a red circle around it and a red slash through it. The sign also contained a print of the prohibition in bold-face type. An individual entering the court-house would have to walk past the sign and open another door to reach the metal detec-tor. Moreover, a fourth witness testified that an additional sign may have been posi-tioned underneath the glass table top near the x-ray machine at the time of Lunstedt's entry and arrest.

In response, Lunstedt argued that the no-tice was not unusual, remarkable, or conspic-uously placed. Nonetheless, the jury decided that the sign posted in the foyer of the courthouse was, in fact, "conspicuous" within the meaning of 18 U.S.C. § 930(g).

Because there is ample evidence to support the jury's conclusion, we shall not substitute our own weighing of the facts for that of the jury's. Instead, we find that a rational juror could conclude beyond a reasonable doubt that Lunstedt was guilty of violating 18 U.S.C. § 930(d). Hence, the evidence was sufficient to support the jury's verdict.

### III. Jury Instruction

■ Lunstedt next seeks reversal of his conviction on the ground that the district court gave the jury an inadequate instruction on the definition of "conspicuous" notice. He contends that the deficiency of the instruc-tion may have affected the manner in which the jury viewed the evidence and reached its verdict.

■ Where the elements of an offense are fairly covered, we will review the precise formulation of jury instructions for an abuse of discretion. *United States v. Belgard,* 894 F.2d 1092, 1095 (9th Cir.), *cert. denied,* 498 U.S. 860, 111 S.Ct. 164, 112 L.Ed.2d 129 (1990). *See also United States v. Joetzki,* 952 F.2d 1090, 1095 (9th Cir.1991) (Jury in-structions, even if imperfect, are not a basis for overturning a conviction absent a showing that they constitute an abuse of the trial court's discretion.). " 'A trial court is given *substantial latitude* in tailoring jury instruc-tions so long as the instructions fairly and adequately cover the issues presented.' " *United States v. Powell,* 955 F.2d 1206, 1210 (9th Cir.1992) (emphasis added) (quoting *United States v. Soulard,* 730 F.2d 1292, 1303 (9th Cir.1984)).

The district court's instruction accepted the definition of "conspicuous" as set forth in Black's Law Dictionary, 382 (rev. 5th ed. 1979). Accordingly, the court instructed the jury that notice is conspicuously posted in a public entrance if "considering the manner and place of its posting, the notice is reason-ably calculated to warn the public of the prohibition of the possession of a firearm." This definition is consistent with the only reported case ever to construe "posted in a conspicuous place," *United States v. Strakoff,* 719 F.2d 1307, 1309 (5th Cir.1983).

Lunstedt contends that "reasonably calcu-lated" indicated to the jury that they should only assess the reasonableness of the govern-ment's *efforts* rather than *the effect* the notice had on the public.[1] We disagree. According to the New Standard Dictionary of the En-glish Language, "calculated" means "adapt-ed; suited; proper." Hence, "reasonably calculated" does not imply, as Lunstedt con-tends, that the government need only demon-strate that it made a reasonable effort to notify the public. The instruction properly advised the jury that, to be "posted conspicu-ously," the notice had to be reasonably suited to warn the public of the prohibition.

In light of the fact that the district court is afforded "substantial latitude in tailoring jury instructions," we conclude that the dis-trict court did not abuse its discretion in instructing the jury on the meaning of "con-spicuously posted."

**AFFIRMED.**

---

1. Instead, Lunstedt argues that the court should have accepted the definition of "conspicuous" as set forth in the American Heritage Dictionary (1981 ed.). This dictionary defines "conspicu-ous" as: "[E]asy to notice; obvious. Attracting attention by being unusual or remarkable."