9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nelson Edward SMITH, Defendant-Appellant.
 No. 92-50577.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1993.
Decided Nov. 5, 1993.
 
 1
 Before: REINHARDT, T.G. NELSON, Circuit Judges, and KAUFMAN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Smith's challenge to the indictment is based on his factual assertions regarding the date the conspiracy to manufacture methamphetamine allegedly ended and the date he allegedly withdrew from the conspiracy. The sufficiency of the indictment is determined only on the face of the indictment. See United States v. Lunstedt, 997 F.2d 665, 667 (9th Cir.1993); United States v. Buckner, 610 F.2d 570, 573 (9th Cir.1979), cert. denied, 445 U.S. 961 (1980). Overt Acts 16-21 alleged acts occurring during a time period prior to the statute of limitations cut-off date.
 
 
 4
 Because Smith's motion to dismiss the indictment was "substantially founded upon and intertwined with evidence concerning the alleged offense," and the issues of when the conspiracy ended and if and when Smith withdrew from the conspiracy are not "entirely segregable from the evidence to be presented at trial," the district court properly refused to grant Smith's motion. Lunstedt, 997 F.2d at 667 (internal quotations omitted). Under either the de novo or abuse of discretion standard of review, we must affirm the judgment of the district court. Id.
 
 
 5
 Smith's plea of guilty was conditioned on preserving "the right to challenge the sufficiency of the indictment as to the statute of limitations prior to sentencing." Plea Agreement, p 17. The issue of the district court's denial of Smith's motion for a bill of particulars was not preserved as part of the conditional guilty plea, and this issue is not properly raised on appeal. In any event, "federal trial courts have always had very broad discretion in ruling upon requests for such bills." Will v. United States, 389 U.S. 90, 99 (1967); see also Fed.R.Crim.P. 7(f). Even assuming this issue is properly before us on appeal, none of the reasons advance by Smith warrants a bill of particulars, see United States v. DiCesare, 765 F.2d 890, 897-98 (9th Cir.), amended on other grounds, 777 F.2d 543 (9th Cir.1985), and the district court could not be said to have abused its discretion in denying Smith's request.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Honorable Frank A. Kaufman, Senior United States District Judge for the District of Maryland, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3