59 F.3d 177
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William C. VOSBURGH, Defendant-Appellant
 No. 94-35635.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William C. Vosburgh appeals pro se his conviction, following a bench trial, for distribution of materials on General Services Administration (GSA)-controlled property without a permit in violation of 41 C.F.R. Sec. 101-20.309 (hereinafter "section 309"). Vosburgh contends that the conviction was infirm because: (1) his activity did not occur on GSA-controlled property; (2) a federal officer's misconduct caused his violation; and (3) section 309 was unconstitutional. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 A. Boundary of Federal Property
 
 3
 Vosburgh contends that he could not have been convicted under section 309 because he distributed materials outside GSA-controlled area. His contention lacks merit.
 
 
 4
 A defendant's conviction will be affirmed "if after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Lunstedt, 997 F.2d 665, 667 (9th Cir.1993) (quotations omitted); see also United States v. Spears, 631 F.2d 114, 117 (9th Cir.1980) (same test applies to both jury and bench trials). Section 309 disallows distribution of materials in the public area of federal property unless a permit is first obtained. See 41 C.F.R. Sec. 101-20.309 (1994). Public area includes "any area of a building under the control and custody of GSA which is ordinarily open to members of the public," such as courtyards and lobbies. 41 C.F.R. Sec. 101-20.003(z) (1994); see also United States v. Douglass, 579 F.2d 545, 547-49 (9th Cir.1978) (area outside fenced portion was military base's "door step," within base's control).
 
 
 5
 It was undisputed that Vosburgh was cited for a section 309 violation while attempting to distribute leaflets in the foyer of a federal courthouse. It was also established that he had no permit. Thus, the evidence supports Vosburgh's conviction. See 41 C.F.R. Sec. 101-20.309; Lunstedt, 997 F.2d at 667.
 
 
 6
 Vosburgh argues when he distributed materials, he was outside the gate on which section 309 was posted as required by 40 U.S.C. Sec. 318a and thus was beyond the GSA-controlled area.[1] However, the posted sign does not mark the boundary of federal property. See Lunstedt, 997 F.2d at 668 (posted notice is to warn public of prohibited conducts). The foyer of the courthouse is well within the controlled area. See 41 C.F.R. Sec. 101-20.003; Douglass, 579 F.2d at 547-49.
 
 B. Causation
 
 7
 Vosburgh argues that a federal officer's unlawful interference with the exercise of his First Amendment right brought about the violation. After a de novo review, we find Vosburgh's argument not persuasive. United States v. Davis, 36 F.3d 1424, 1430 (9th Cir.1994) (de novo review of legal questions), cert. denied, 115 S.Ct. 1147 (1995).
 
 
 8
 When Vosburgh first attempted to distribute materials outside the courthouse, a Federal Protective Service officer warned him of the permit requirement. The officer's warning did not amount to unlawful interference with Vosburgh's exercise of his First Amendment right because it did not "chill" Vosburgh's activity. See Sloman v. Tadlock, 21 F.3d 1462, 1469 (9th Cir.1994) (in context of Sec. 1983 action, governmental conduct violates First Amendment if it deters or chills speech); Olagues v. Russoniello, 770 F.2d 791, 801 (9th Cir.1985) (asking investigative questions does not chill speech); see also United States v. Allen, 955 F.2d 630, 631 (9th Cir.1992) (per curiam) (unsavory governmental conduct, short of outrageous misconduct, does not result in constitutional violation).
 
 
 9
 Vosburgh then demanded to see the regulation and was told that the regulation was posted at the courthouse entrance. After reading the regulation, Vosburgh ignored the warning and attempted to distribute materials. As the district court found, and we agree, the exchange with the officer had no casual nexus to Vosburgh's violation. See United States v. Lorenzo, 43 F.3d 1303, 1305 (9th Cir.1995) (to sustain entrapment defense, defendant must show he was induced to commit crime and lacked predisposition to do so); see also Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1044 (9th Cir.1994) (in Sec. 1983 actions, government conduct must have caused constitutional injury).
 
 C. Constitutionality of Section 309
 
 10
 Vosburgh contends section 309 is unconstitutional on its face and in its application because it (1) is facially overbroad, (2) infringes upon his First Amendment right to freedom of expression, and (3) violates the Equal Protection Clause. After a de novo review, we conclude that the contentions lack merit. See Davis, 36 F.3d at 1434 (de novo review of a statute's constitutionality).
 
 1. Overbreadth
 
 11
 A regulation is not overbroad if it is conducive to a reasonable limiting construction. United States v. Stansell, 847 F.2d 609, 613-14 (9th Cir.1988) (holding 41 C.F.R. Sec. 101-20.304 not void for overbreadth because its construction is limited by reading it in conjunction with entire 41 C.F.R. subpart 101-20.3). If the challenged regulation covers both conduct and speech, the overbreadth "must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." Id. at 613 (quotations omitted).
 
 
 12
 Section 309 identifies the particular conduct it regulates and is further circumscribed by the circumstances encompassed within other related regulations. See id. at 613-14; see also 41 C.F.R. subpart 101-20.3. Therefore, section 309 is not substantially overbroad. See Stansell, 847 F.2d at 613.
 
 2. First Amendment
 
 13
 The government may regulate expressive activities in a nonpublic forum on the basis of "subject matter and speaker identity as long as the distinctions drawn are reasonable in light of the purpose served by the forum and are viewpoint neutral." Cornelius v. NAACP Legal Defense & Educ. Fund, Inc., 473 U.S. 788, 806 (1985). Courthouses are nonpublic fora, even though the public has virtually unlimited access to them. See County of Allegheny v. ACLU Greater Pittsburgh Chapter, 492 U.S. 573, 600 n. 50 (1989) (creche displayed at courthouse staircase does not raise public forum issue); cf. United States v. Grace, 461 U.S. 171, 178-79 (1983) (sidewalks surrounding supreme court building are public fora). Furthermore, the government can reasonably preserve its property for the use to which property is lawfully dedicated. See Adderly v. Florida, 385 U.S. 39, 47 (1966); Stansell, 847 F.2d at 614 (regulations in 41 C.F.R. subpart 101-20.3 "identify a core of conduct that may constitutionally be controlled on federal property in order to preserve the normal functioning of federal facilities").
 
 
 14
 Section 309 restricts distribution of materials in the public area of federal property, such as the grounds of a federal courthouse. See 41 C.F.R. Sec. 101-20.309. The government may impose such restrictions since the courthouse is a nonpublic forum, see County of Allegheny, 492 U.S. at 600 n. 50; cf. Grace, 461 U.S. at 178-79; and the restriction is reasonably related to the preservation the normal functioning of a federal facility. See Adderley, 385 U.S. at 47; Stansell, 847 F.2d at 614. Furthermore, there is no evidence that the federal officer intended to discourage Vosburgh's viewpoint. Thus, section 309 does not unconstitutionally infringe upon Vosburgh's freedom of expression. See Cornelius, 473 U.S. at 806.[2]
 
 3. Equal Protection
 
 15
 Vosburgh contends that section 309 violates the Equal Protection Clause because it exempts from its permit requirement "authorized Government activities." 41 C.F.R. Sec. 101-20.309. This contention lacks merit.
 
 
 16
 A regulation is subject to heightened scrutiny if it disadvantages a suspect class or burdens "the exercise of fundamental rights independently protected against governmental interference." Lipscomb By And Through DeFehr v. Simmons, 962 F.2d 1374, 1378 (9th Cir.1992). Only when free expression "associated with a public forum [is] improperly limited may we conclude that a fundamental right is impinged." Monterey County Democratic Cent. Comm. v. U.S. Postal Serv., 812 F.2d 1194, 1200 (9th Cir.1987). Without the suspect classification or infringement on a fundamental right, a regulation will be upheld if it is rationally related to a legitimate governmental interest. Id.
 
 
 17
 Vosburgh argues that the differential treatment burdens his freedom of speech. However, Vosburgh cannot claim a fundamental right of free speech because the courthouse is a nonpublic forum. See id; see also County of Allegheny, 492 U.S. at 600 n. 50. As discussed above, the reason advanced by the government is legitimately and rationally furthered by the regulation. See Adderley, 385 U.S. at 47; Stansell, 847 F.2d at 614.
 
 
 18
 Therefore, section 309 does not violate the Equal Protection Clause. See Lipscomb, 962 F.2d at 1378.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 40 U.S.C. Sec. 318a provides that governmental rules and regulations concerning federal property "shall be posted and kept posted in a conspicuous place on such ... property." 40 U.S.C. Sec. 318a (1994). Vosburgh does not contest the aptness of the notice
 
 
 [2]
 Vosburgh also challenges regulations outlining the criteria for obtaining a permit, arguing that they amount to a prior restraint. Vosburgh may only challenge these regulations on their face because he had not applied for a permit prior to the instant violation. See Lovell v. Griffin, 303 U.S. 444, 450-51 (1938). The permitting criteria are constitutional on their face because the government officials are not given unbridled discretion to grant or deny permits. See 41 C.F.R. Secs. 101-20.400-408 (1994); cf. Lakewood v. Plain Dealer Publishing Co., 486 U.S. 750, 757 (1988) (ordinance unconstitutional because it places no explicit limits on governmental official's discretion in issuing permits)