112 F.3d 518
 79 A.F.T.R.2d 97-2628
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kyle SHILDMYER, Defendant-Appellant.
 No. 96-30222.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1997.
Decided April 24, 1997.
 
 Before WRIGHT, REINHARDT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Kyle Shildmyer, accused of filing a false tax return, filed a motion to dismiss on the ground that the statute of limitations had run. Resolution of this issue depends upon whether Shildmyer had properly filed an application for an automatic extension. This determination, in turn, depends upon whether Shildmyer's application was a "bona fide and reasonable estimate of his tax liability." The district judge held that whether Shildmyer had properly filed a petition for automatic extension was a fact determination for the jury to make, although he invited Shildmyer to renew his motion at the close of the government's case in chief. Shildmyer appeals, maintaining that the issue was a question of law for the judge to determine. We affirm.
 
 
 3
 The parties are familiar with the facts and we do not discuss them further.
 
 DISCUSSION
 
 4
 Normally, the statute of limitations begins to run from the date the tax return is filed with the IRS. United States v. Habig, 390 U.S. 222, 223, 88 S.Ct. 926, 19 L.Ed.2d 1055 (1986). A tax return is "filed" when it is delivered to the IRS. Emmons v. Commissioner, 92 T.C. 342, 346 (1989), aff'd, 898 F.2d 50 (5th Cir.1990).
 
 
 5
 When a tax return is timely mailed by the taxpayer but not timely received by the IRS, 26 U.S.C. § 7502 dictates that the tax return be deemed delivered on the date it was mailed. First Charter Financial Corp. v. United States, 669 F.2d 1342, 1346 (9th Cir.1982). Under this accounting, the statute of limitations began to run on October 16, 1989, when Shildmyer mailed his return, and finished six years later on October 16, 1995.
 
 
 6
 However, the exception under section 7502, which allows the mailing date to be deemed the filing date, is inapplicable if the tax return is not timely mailed. "Section 7502(a) intended to make the date of mailing the date of delivery only where a document would otherwise be considered untimely filed." First Charter, 669 F.2d at 1346.
 
 
 7
 The government argues that the extension Shildmyer received was invalid because Shildmyer did not properly file for it (he allegedly failed to make a bona fide and reasonable estimate of his tax liability). Therefore, the government maintains that Shildmyer's tax return was due on April 15, 1989, not October 16, 1989, and thus Shildmyer's return mailed on October 16, 1989 was untimely. If the government is correct, the statue of limitations began to run on the date the tax return was actually received, October 18, 1989, and the indictment on count one is not barred by the statute of limitations. See Habig, 390 U.S. at 223 (holding that the six-year statute of limitations begins to run on the date the tax return was filed with the IRS when the tax return is filed after the April 15 deadline).[1]
 
 
 8
 A trial court's decision to deny a motion to dismiss an indictment based on decisions of law is reviewed de novo. United States v. McClelland, 72 F.3d 717, 721 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1448, 134 L.Ed.2d 567 (1996). The trial court's findings of fact with regard to a motion to dismiss an indictment are reviewed for clear error. United States v. Armenta, 69 F.3d 304, 306 (9th Cir.1995).[2]
 
 
 9
 "A pretrial motion is generally 'capable of determination' before trial if it involves questions of law rather than fact.' " United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir.), (quoting United States v. Korn, 557 F.2d 1089, 1090 (5th Cir.1977)), cert. denied, 478 U.S. 1007, 106 S.Ct. 3301, 92 L.Ed.2d 715 (1986). "As the ultimate finder of fact is concerned with the general issue of guilt, a motion requiring factual determinations may be decided before trial if 'trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense.' " Id. (quoting United States v. Covington, 395 U.S. 57, 60, 89 S.Ct. 1559, 1561, 23 L.Ed.2d 94 (1969)); see United States v. Lunstedt, 997 F.2d 665, 667 (9th Cir.1993) ("A district court can only grant [a motion to dismiss] if it is entirely segregable from the evidence to be presented at trial." (quotation omitted)).
 
 
 10
 "Under this standard, the district court must decide the issue raised in the pretrial motion if it is 'entirely segregable' from the evidence to be presented at trial." Shortt Accounting, 785 F.2d at 1452 (quoting United States v. Barletta, 644 F.2d 50, 57-58 (1st Cir.1981)). See United States v. Nukida, 8 F.3d 665, 669 (9th Cir.1993). "[I]f an issue raised in a pretrial motion is not entirely segregatable from the evidence to be presented at trial, but also does not require review of a substantial portion of that evidence, the district court has discretion to defer decision on the motion." Shortt Accountancy, 785 F.2d at 1452.
 
 
 11
 Shildmyer's motion to dismiss required resolution of a factual issue: whether Shildmyer made a "bona fide and reasonable estimate of his tax liability" in filing his application for an automatic extension. The crime of which Shildmyer stood accused required the government to prove that Shildmyer "[w]illfully [made] and subscribe[d] any return, statement, or other document, ... which he does not believe to be true and correct as to every material matter." 26 U.S.C. § 7206(1).
 
 
 12
 We find that the issue of Shildmyer's application for an automatic extension is not entirely segregable from the issue of Shildmyer's guilt under the charged crime because both involve inquiry into the extent of Shildmyer's tax liability. Neither in his briefs nor at oral argument did Shildmyer contend that a statute of limitations precluded the government from questioning the validity of the extension or the application on which it was based. The question presented was whether the extension request could lawfully be voided, which required a further factual inquiry which was intertwined with the facts at issue in the trial. Therefore, whether to decide the motion to dismiss prior to trial was a matter properly within the district court's discretion.
 
 CONCLUSION
 
 13
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Haskell v. United States, 241 F.2d 790 (10th Cir.1957), cited by Shildmyer, is not to the contrary because Haskell involved a failure to file while the case at hand involves the filing of a false tax return. The act which constituted the commission of Shildmyer's offense was the return of the false tax return, which occurred later than the due date. See United States v. Dahlstrom, 713 F.2d 1423, 1429 (9th Cir.1983) ("[T]he crime of fraudulent preparation of a tax return is 'committed a the time the return is filed.' " (quoting Habig, 390 U.S. at 223, 88 S.Ct. at 927))
 
 
 [2]
 The government points out that "[o]ur cases are divided as to the appropriate standard of review for a district court's denial of an appellant's motion to dismiss an indictment." United States v. Lunstedt, 997 F.2d 665, 667 (9th Cir.1993). However, this conflict has occurred when the motion to dismiss involves the court's supervisory powers, which are not implicated here