124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Harvey E.J. HEATH, Defendant-Appellee.
 No. 96-30153.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submittted September 8, 1997.
Filed September 26, 1997.
 
 Appeal from the United States District Court for the Eastern District of Washington, D.C. No. CR-95-00294-01-WFN; William Fremming Nielsen, Chief Judge, Presiding.
 Before WRIGHT and SCHROEDER, Circuit Judges, and SCHWARZER,** Senior District Judge.
 MEMORANDUM*
 Defendant Harvey E.J. Heath, aka Jason Heath, and his friend, Justin Edwards, took shotguns and shot holes in the cupboards, light fixtures, and walls of June and Elba Brown's 1975 Tamarack Champion mobile home. The Browns' mobile home and the land on which it stood were in the process of being forfeited to the government after the Browns' guilty pleas to conspiracy to manufacture marijuana. Heath and Edwards were charged in Count I of the Indictment with violating 18 U.S.C. § 2232(a), which makes it a crime to destroy "any goods, wares, or merchandise" to prevent their seizure.[1] 18 U.S.C. § 2232(a) (West 1997).
 Edwards was tried first. Before the case was submitted to the jury, the district court granted a motion for judgment of acquittal under Fed.R.Crim.P. 29, finding as a matter of law that on the evidence submitted at trial the mobile home was not "goods, wares, or merchandise" within the meaning of section 2232(a). Following the dismissal of Edwards' case, Heath, at a pretrial hearing, made an oral motion to dismiss, which the district court granted on the basis of the evidence adduced at Edwards' trial and for the same reason as its earlier ruling in Edwards' case. The government appeals the dismissal of the charge against Heath. We have jurisdiction under 28 U.S.C. § 1291 and vacate and remand.
 DISCUSSION
 Heath made his motion orally at a pretrial hearing. The record does not indicate whether it was made under Fed.R.Crim.P. 12(b) or 29 and the district court did not state under which rule the motion was granted. At oral argument before this court, both parties treated the district court order as a ruling on a Rule 12(b) motion.[2] We review an order of dismissal de novo. See United States v. Nukida, 8 F.3d 665, 669 (9th Cir.1992) (under Rule 12(b)).
 Rule 12(b) provides that "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion." Whether this mobile home was "goods, wares, or merchandise" is a question of fact that is not "capable of determination without the trial of the general issue." Fed.R.Crim.P. 12(b). Indeed, the district court, in basing its ruling on the evidence in Edwards' case, treated the question as one of fact.[3] Neither party disagrees, each arguing that the facts mandate a ruling in its favor. While in some circumstances, a mobile home permanently attached to the land may not qualify as "goods, wares, or merchandise," in others, when for example it leaves the factory, it may well be found to be such. Ultimately, the question is for the jury to decide and not this court. Because a factual issue remained, the district court lacked authority to dismiss the case under Rule 12(b).[4] The judgment is vacated and the case remanded for proceedings consistent with this opinion.
 VACATED AND REMANDED.
 
 
 
 **
 Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Count II charged violation of 18 U.S.C. § 1361 (destruction of government-owned property); that count was dismissed because the property was not yet the government's. Count III charged violation of 18 U.S.C. § 924(c) (use or carrying of a firearm during a crime of violence); that count was dismissed because violation of 18 U.S.C. § 2232(a) is not a crime of violence. The government does not appeal the dismissal of Counts II or III
 
 
 [2]
 In its brief, the government appeared to treat the motion as having been made under Rule 29. The outcome would be the same. Rule 29(a) permits a defendant to move for judgment of acquittal "after the evidence on either side is closed if the evidence is insufficient to sustain a conviction." Fed.R.Crim.P. 29(a). Here, no evidence was offered: Heath's trial had not yet begun. Instead, the court's order "incorporate[d] its oral rulings in the related case of United States v. Edwards." Its oral ruling in this case held that, on the basis of the facts adduced in Edwards' case, the mobile home was real property and therefore not subject to § 2232(a). Because no evidence had been offered in Heath's case, however, the court could not determine the sufficiency of the evidence to sustain a conviction, and it therefore lacked authority under Rule 29 to dismiss
 
 
 [3]
 The court did not rule, and Heath does not contend, that the indictment was flawed on the ground that a mobile home, as a matter of law, can never be "goods, wares or merchandise."
 
 
 [4]
 "The proper procedure for raising [a] challenge to the sufficiency of the government's evidence to support a finding [of an element of the offense is] by a motion for judgment of acquittal under Rule 29 and not by a pretrial motion to dismiss." United States v. Nukida, 8 F.3d at 670 (quoting United States v. Ayarza-Garcia, 819 F.2d 1043, 1048-49 (11th Cir.1987)) (stating further that the "unavailability of Rule 12 in determination of general issues of guilt or innocence ... helps ensure that the respective provinces of the judge and jury are respected ... and that the facts are fully developed before disposition of the case"); see also United States v. Calandra, 414 U.S. 338, 345, 94 S.Ct. 613, 618, 38 L.Ed.2d 561 (1974) ("[A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence...."); United States v. Lunstedt, 997 F.2d 665, 667 (9th Cir.1993) (affirming denial of pretrial motion to dismiss based on factual insufficiency, where "[a] factual determination on the conspicuousness of the warning was essential to the defense. Thus, the district court could not make such a determination by granting the pretrial motion to dismiss."); 1 Charles Alan Wright, Federal Practice and Procedure, Criminal, § 194, p. 714 (2d ed.1982)